LEBBEUS W. SMITH & another *vs.* TRUE W. TOWNSEND.

An agreement by a person desiring to purchase land to convey a part of it to the seller's broker, cannot be enforced by the broker, if one of the considerations of the agreement was that he would put such person in communication with the seller.

BILL IN EQUITY by Lebbeus W. Smith and William H. Wallace, alleging that the defendant agreed to sell and Smith to buy a lot of land in Boston, numbered 74 on the plans of the Tremont Improvement Company; that the defendant thereupon signed the following agreement: " Whereas Horace Patridge has, by an agreement with True W. Townsend, agreed to convey to said Townsend certain lots of land located on Hammond Park, in the city of Boston, and whereas there is one lot separate from the other lots, numbered 74 on the plans of the Tremont Improvement Company, containing 2412 square feet; now, for value received, Townsend is to quitclaim to William H. Wallace, at the request of Lebbeus W. Smith, said lot, subject to the existing mortgage, as conveyed to Townsend by Patridge, when he shall receive a deed of the same from Patridge, and free from all incumbrances made or suffered by Townsend, and free from all expense by Townsend, for the sum of $300.50, to be paid Townsend at the time of the conveyance by Townsend to Wallace; " that Smith desired the deed to be made to Wallace, as his trustee, and Wallace consented thereto; " that as a further consideration for the sale of the said lot of land by the defendant to Smith, Smith was, prior to the making of the agreement above set forth, and while the Horace Patridge, therein mentioned, was the owner of the said land, employed by Patridge to sell the land mentioned in the agreement, as to be conveyed to Wallace for Smith, together with other lots of land of Patridge; that Smith so having the sale of said lots, at the request of the defendant, who was desirous of purchasing all the said lots so desired to be sold by Patridge, (except the lot so purchased by Smith, as set forth in the agreement, which Smith was desirous of purchasing,) in consideration that the defendant would sell and convey to Wallace, for Smith, the lot numbered 74 for the price of $300.50, should

the defendant succeed in purchasing all the lots of Patridge, as soon as the defendant should receive his deed from Patridge, agreed to put the defendant in communication with Patridge; whereupon and in consideration thereof, the written agreement above set forth was made and signed, and delivered to Smith, by the defendant; that Smith did put the defendant in communication with Patridge, by reason whereof the defendant did succeed in purchasing the whole of said lots of land of Patridge; that Patridge has made, executed and delivered to the defendant a deed or deeds of all of said lots, including the lot numbered 74, above mentioned in the written agreement, as contemplated in the agreement; that the defendant has long since accepted and received said deed or deeds;" and that Smith tendered the price agreed upon, but the defendant refused to convey. The prayer was for a specific performance of the agreement. The defendant answered; at the hearing, before *Colt*, J., specific performance was decreed; and the defendant appealed.

*S. W. Harmon*, (*R. I. Burbank & R. Lund* with him,) for the plaintiffs.

*J. G. Abbott*, for the defendant.

COLT, J. Upon this appeal there is nothing before the court except the question whether the final decree is supported by the pleadings in the case. It is a simple appeal, without any report of the evidence or any facts found. It may be true that the evidence produced at the hearing fully sustained the decree, and yet it is open to the defendant to claim that upon the allegations in the bill the plaintiffs, as matter of law, are not entitled to the relief awarded.

On looking at the record we find that the bill contains in substance the charge that the plaintiff Smith, while employed as agent to sell the premises, of which the lot in question was a part, agreed with the defendant that he would put him in communication with his principal, the owner of the lots, so that the defendant could make the purchase, in consideration that he would convey to Smith one of the lots so purchased. This is a consideration alleged for the contract sought to be enforced, and as thus alleged it is manifestly illegal. It was a contract made

by Smith upon a consideration founded in a direct violation of his duty, and in fraud of the rights of his principal. Such a contract cannot be enforced in any court. A man cannot, without the consent of his principal, become the purchaser for his own use and benefit of property which is intrusted to him to sell. The rights of the principal would be in too much danger from the conflict of adverse interests. *Farnsworth* v. *Hemmer*, 1 Allen, 494. *Walker* v. *Osgood*, 98 Mass. 348. Story on Agency, §§ 210–214.

An objection of this description, appearing upon the face of the pleadings, might have been availed of with less cost and delay by demurrer to the bill. It was said at the argument that this was the course originally taken, and that the demurrer was overruled without appeal. The record here does not show this, and the defendant has not lost his right to make the objection at this time. Gen. Sts. c. 113, § 11. *Decree set aside.*