ISAAC N. STANLEY *vs.* JOHN H. STARK & another.

Suffolk.     March 19. — June 20, 1874.     AMES & DEVENS, JJ., absent.

If the final decree of a single justice of this court, sitting in equity, is appealed from, without a report of the evidence or facts found upon which the decree was made, the only question raised by the appeal is whether the decree followed the frame of the bill and is justified by the record.

A bill in equity alleged that the plaintiff and one of the defendants had been members of a firm; that the firm had received a sum of money from the treasurer of a relief fund, upon the express trust that it should be used by the firm in reëstablishing its business; that the money was placed in the hands of the defendant partner for this purpose, who delivered it to the other defendant, both parties having knowledge of the trust; that the defendant partner retired from the firm, agreeing that the plaintiff should continue the business and have the money for this purpose; that the plaintiff had made arrangements to continue said business, but the defendants refused to give it up, contending that the defendant in possession had the right to apply it to the payment of an old debt due him from the firm; that when the money was received from the treasurer, the firm gave its promissory note, without interest, with the agreement that if the money was used for the purpose named, the note should not be called for; and that when the defendant partner left, it was agreed that the plaintiff should take up this note, and give his own note in the place of it, and that this was done. The bill prayed that the defendants should be required to deliver the money to the plaintiff, and for general relief. *Held*, that a decree that the defendants should pay the sum of money to the plaintiff followed the frame of the bill and was justified by the record.

BILL IN EQUITY brought by the remaining partner in the firm of Stark, Stanley & Co. to recover a sum of money alleged to have been received by one of the defendants, a former copartner in said firm, upon a trust for the purpose of reëstablishing the firm in business, and to have been deposited with the other de-

fendant, who had knowledge of the trust, and who applied it to the payment of a debt which the firm owed him.

At the hearing upon the pleadings and proofs, before *Endicott* J., a decree was passed that the defendants should pay to the plaintiff the sum of five hundred dollars with costs. The defendants appealed to the full court. The evidence was not taken by a commissioner, and no report of the facts was made by the judge. The case is stated in the opinion of the court.

*E. M. Bigelow*, for the defendants, cited *Allen* v. *Furbish*, 4 Gray, 504; *Huntington* v. *Clemence*, 103 Mass. 482; *Fuller* v. *Randall*, 1 Gray, 608; *Lime Rock Bank* v. *Plimpton*, 17 Pick. 159.

*J. W. Hubbard*, for the plaintiff.

Colt, J. The bill charges in substance that the money which is demanded of the defendants was originally received by the firm of Stark, Stanley & Co. out of a relief fund raised by subscription to aid mechanics and other sufferers by the great fire of 1872, upon the express trust that it should be used by the firm in reëstablishing its business; that the money was first placed in the keeping of the defendant James H. Stark, one of the firm, who afterwards put it into the hands of his father John H. Stark, the other defendant, who had an old debt against the firm, both defendants knowing of the trust at the time, and that the money was to be used for no other purpose.

The bill then alleges that the other members of the firm afterwards retired from the partnership with an agreement that the plaintiff should have the money so appropriated, to be used by him for the purpose named; that he had accordingly made all necessary arrangements for recommencing and prosecuting the former business, but the defendants refused to give up the money, John H. Stark contending that he had a right to apply it to the payment of his debt. It is further stated in an amendment to the bill, that a promissory note without interest was given by the firm, when the money was advanced, to Mr. Norcross the treasurer of the committee having charge of the relief fund, upon the understanding and agreement that if the money was used for the purpose named the note should not be called for; and that when the other partners left, the agreement was that the plaintiff should have the fund if he would take up this note and procure the as

sent of the committee. This, it is alleged, was done by the substitution of his own note for the original note of the firm.

The prayer is that the defendants may be required to deliver the money to the plaintiff, and for general relief.

The answers deny the creation or existence of any trust growing out of the transaction with the treasurer of the relief fund.

The case was heard by a justice of this court, and this is a simple appeal from his final decree, without any report of evidence or fact found upon which the decree was made. The only question before us is whether the decree follows the frame of the bill and is justified by the record. If it does, then it must be presumed that all the facts necessary to support it were proved at the hearing. It is enough if under the pleadings we can see that it is possible to make out a case which would justify the decree. *Smith* v. *Townsend*, 109 Mass. 500. *Ross* v. *Harper*, 99 Mass. 175.

The defendants contend that the allegation that a note was given for the money is equivalent to an allegation that the legal and equitable title to the money vested in the firm, who could have no defence to an action on the note. But it does not appear that the note was negotiable, or when it was payable, or that it was payable absolutely. All the allegations, taken together, show that it was given upon a contemporaneous agreement in the nature of a condition which, for all that appears, was in writing, and we cannot see that the whole transaction and all the agreements construed together did not appear at the hearing to be entirely consistent with the express trust alleged.

Nor can we see that the words of the alleged trust devoting this money to aid the defendants " in reëstablishing their business," as applied to the subject matter and interpreted by the surrounding circumstances, were not properly held by the judge to exclude the payment of a preëxisting debt as a preliminary step towards reëstablishing their business.

*Decree affirmed with costs.*