ELEAZER HINCHLEY *vs.* THOMAS GREANY.

Worcester. October 8. — 29, 1875. WELLS & AMES, JJ., absent.

Land was sold by public auction under a power of sale contained in a mortgage The defendant, who had performed labor and furnished materials in building a house on the land, was present at the sale, stated that there was no incumbrance upon the estate, and advised the plaintiff to buy it. The plaintiff, relying on the statement and representation of the defendant, became the purchaser. At this time a petition, on behalf of the defendant, to enforce a lien upon the land, was pending in court, and the mortgagor, the only party summoned, had been defaulted. After the sale to the plaintiff, the defendant procured an order of court for the sale of the land under his petition. *Held*, on a bill in equity, to remove a cloud upon the plaintiff's title, setting forth the above facts and alleging that the labor performed and materials furnished by the defendant had been fully paid for, that the plaintiff had not a plain, adequate and complete remedy at law, and was entitled to an injunction restraining the defendant from selling the land under the decree obtained by him.

BILL IN EQUITY, filed April 29, 1875, to remove a cloud upon the plaintiff's title, and alleging the following facts:

On April 9, 1874, Noah Green, the owner of a parcel of land in Worcester, conveyed it in mortgage to the Mechanics' Savings Bank to secure the sum of $1000.

On May 13, 1874, Green made a contract with the defendant to build a house on said land for the sum of $1450; and the defendant performed his contract and received therefor the sum agreed prior to July 29, 1874.

On July 29, 1874, Green conveyed the land in mortgage to George H. Sibley, to secure the sum of $500, by a deed containing a covenant of warranty against all incumbrances except the mortgage to the Mechanics' Savings Bank. On March 23, 1875, Sibley sold the land by public auction under a power of sale contained in the mortgage, complying in all respects with the requirements of said power; and the plaintiff bought the land at said sale and paid the purchase money to Sibley. The defendant was present at said sale. The auctioneer read the notice thereof, and stated publicly, in the presence of the plaintiff, defendant and others, that there was no incumbrance upon the land except the mortgage to the Mechanics' Savings Bank. The defendant also stated the same in the presence of the plaintiff, Sibley and others, and advised the plaintiff to buy said land at said auction. The defendant made a bid at said auction, and made no claim of a lien on said land at any time. The plaintiff, relying upon all these statements and representations made by the defendant, and in his presence, without contradiction, became a bidder, and finally the purchaser at said auction.

On December 15, 1874, the defendant filed in the city clerk's office a certificate claiming a lien on said land for work done under the contract of May 13, above referred to. Within sixty days after the filing of said certificate, the defendant inserted in a writ, returnable to the March term 1875 of the Superior Court, a petition to enforce said lien. This writ was entered at said March term; Green, the only defendant summoned, was defaulted, and the action was continued *nisi;* and on April 10, 1875, after the adjournment of the court for the term, a final decree was entered as of the last day of the March term. On April 14, 1875, a warrant issued on said decree for the sale of said estate, and was placed in the hands of a deputy sheriff, who in obedience thereto advertised the land for sale on May 22, 1875.

The bill further alleged that the sale, if allowed to take place, would deprive the plaintiff of his property, or cause a cloud upon his title ; and that the plaintiff had no notice of the defendant's claim for a lien, or the proceedings in support thereof, until after the deed from Sibley to him had been recorded, and the consideration paid therefor.

The prayer of the bill was for an injunction to restrain the defendant from proceeding with said sale under said warrant, from prosecuting his claim for a lien, and from molesting the plaintiff in the possession and occupation of his said estate.

The defendant demurred on the ground that the plaintiff had a plain, adequate and complete remedy at law. It was agreed that, if the demurrer was finally overruled, a decree should be entered for the plaintiff.

The demurrer was overruled, and a decree entered perpetually enjoining the defendant from proceeding to enforce the lien stated in the bill ; and the defendant appealed.

*W. A. Gile*, for the defendant.

*G. F. Hoar & G. H. Ball*, for the plaintiff, were not called on.

ENDICOTT, J. This case comes before us on demurrer, and all the facts stated in the plaintiff's bill must be taken to be true. The bill is brought to remove a cloud on the plaintiff's title, and to perpetually enjoin the defendant from proceeding with the sale of the estate under the warrant, and from further molesting the plaintiff in his possession and occupation. There can be no question that the facts stated in the bill bring the case within the rule, well settled in equity and law, that when a party wilfully misrepresents a fact to another, and on the strength of such false representation he is induced to alter his position, the former is precluded from setting up that the representation was not true. *Raw* v. *Pote*, 2 Vern. 239. *Storrs* v. *Barker*, 6 Johns. Ch. 166. *Pickard* v. *Sears*, 6 A. & E. 469, 474. *Fall River National Bank* v. *Buffinton*, 97 Mass. 498, and cases cited.

The defendant at the auction stated that there was no incumbrance on the estate except the mortgage to the Mechanics' Savings Bank, and advised the plaintiff to buy it ; and the plaintiff, relying on the statement and representations of the defendant, became the purchaser. At this time a petition, brought by the defendant, was pending in the Superior Court, to enforce a me-

chanic's lien for labor and materials furnished in the construction of a house on the premises, wherein Green, the mortgagor, was the respondent. Green had been defaulted, and the petition continued *nisi.* The bill alleges that the labor and materials had been fully paid for, and that the defendant, after the purchase by the plaintiff, obtained an order in the Superior Court for the sale of the estate to satisfy the lien, upon which a warrant issued and the estate had been duly advertised for sale.

The only question raised by the demurrer is whether, upon these facts, the plaintiff has a plain, adequate and complete remedy at law. The defendant contends that the plaintiff has such remedy by a writ of certiorari, on the ground that there was error in entering the order for sale in the Superior Court, because the plaintiff was not made a party to the petition. Whether the proceeding in the Superior Court was not according to the course of the common law, within Gen. Sts. *c.* 145, § 8, relating to issuing writs of certiorari, and whether, under our statutes and practice, such writ may issue upon proceedings in the Superior Court, it is not necessary to consider. Assuming that a writ of certiorari may issue to correct an error in proceedings of this kind in the Superior Court, there was no error in not making the plaintiff a party to the petition in the Superior Court. The petitioner was not obliged to summon in all persons who may have acquired an interest in the estate after his proceedings had been commenced, as provided in the St. of 1871, *c.* 78; and the validity of the process is not affected because it was not done.

The defendant also insists that the plaintiff has a remedy at law by petition under the Gen. Sts. *c.* 134, §§ 49, 50, summoning the defendant to show cause why he should not bring an action to try his alleged title. But when this bill was filed the defendant had no title in the land ; he had merely an order for sale, which he had caused to be advertised. And the plaintiff is not required to wait until somebody obtains a title under a sale before he can seek his remedy. Even when this remedy may be availed of under the statute, it is not necessarily so adequate and complete as to supersede the remedy in equity. *Clouston* v. *Shearer,* 99 Mass. 209.

This bill may therefore be maintained on the ground that the defendant procured this order of sale and attempted to enforce his

lien fraudulently, after he made the representations to the plaintiff, upon which the plaintiff relied in purchasing the property; and that he should not be permitted to avail himself of such lien, in any form whatever, to impeach or impair the plaintiff's title and interest in the estate thus purchased. *Pierce* v. *Lamson,* 5 Allen, 60. *Martin* v. *Graves,* Ib. 601. *Decree affirmed.*