OSCAR IASIGI, administrator, *vs.* CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY & another.

Suffolk.   June 24. — 29, 1880.   AMES, ENDICOTT & LORD, JJ., did not sit.

If the final decree of a single justice of this court, sitting in equity, is appealed from, without a report of the evidence upon which the decree was made, the only question upon the appeal is whether the decree is warranted by the allegations of the bill.

If a corporation issues a certificate of stock to a person as trustee, and, on his death, at the request of a person claiming to be entitled to the stock, refuses to examine the evidence offered and to permit a transfer, without a decree of court, it may, on a bill in equity against it to compel a transfer, if it appears that it could easily have satisfied itself of the truth of the facts, be ordered to pay costs as well as to make the transfer.

BILL IN EQUITY by Oscar Iasigi, administrator with the will annexed of Auguste Hilarion Dromel, late of Marseilles in the Republic of France, against the Chicago, Burlington and Quincy Railroad Company and Francis E. Parker. The material facts alleged in the bill were as follows :

Dromel for a considerable time next preceding his decease was engaged in business as a merchant at Marseilles, under the name and style of A. Dromel & Co., and was the sole proprietor of the business carried on under that name and style. He died on July 24, 1866, and, by his last will in writing in accordance with the laws of France, gave all his property to his wife and his only daughter, in the manner therein provided. The firm of Iasigi, Goddard & Co., merchants in Boston, of which Joseph Iasigi was the head, had various transactions with Dromel under the name of A. Dromel & Co. in his lifetime, some of which were not completed till after his death; and on March 23, 1869, the sum of $41,310.73 was due from that firm to the personal representatives of Dromel as a final balance in respect of such transactions, and so appeared upon the books of the firm, and in an account current that day sent to such representatives at Marseilles, as to the credit of A. Dromel & Co. in liquidation.

Joseph Iasigi, at different times in March and April, 1869, at the request of Dromel's widow and daughter, invested that sum partly in stocks of the United States, and partly in the shares of different railroad corporations in the United States; and his firm received the interest and dividends thereof as they became payable, and on August 31, 1869, stated and transmitted to Dromel's widow and daughter at Marseilles an account current showing the investments of the principal and the sums received by them as the interest and dividends thereof; and Iasigi afterwards received and accumulated the interest and dividends of such investments down to January 24, 1874, and added them to the principal, and invested them as a part thereof, and occasionally varied the investments of the fund, and invested part of the fund in two hundred and eighty shares of the defendant corporation, and always held all the investments of that fund upon trust as part of Dromel's estate, and caused these shares to be placed on the books of the corporation in the name of himself, described as trustee, and obtained from the corporation certificates that he, thus described, was the owner of these shares, and they have ever since stood on the books of the corporation in the same name, and are transferable only on those books.

Joseph Iasigi died on May 22, 1877, and by his last will appointed the defendant Parker and the plaintiff executors thereof

and they on June 18, 1877, proved his will and took out letters testamentary in the Probate Court for the county of Suffolk. On December 30, 1878, the plaintiff obtained from the same court letters of administration with the will annexed of Dromel. Dromel's widow and daughter, by instrument in writing, requested the executors to transfer these shares to the plaintiff as such administrator, or to such persons and in such manner as he should order. At the request of the plaintiff, Parker and the plaintiff, as executors of the will of Joseph Iasigi, requested the corporation to allow them to transfer the shares on its books to Francis C. Welch and allow Welch to transfer the same on its books to the plaintiff as such administrator, and then make and deliver to the plaintiff in the usual form a certificate or certificates that the plaintiff as such administrator was the owner or holder of the shares. The executors and Welch offered respectively so to transfer the shares, and the executors offered upon such transfer to deliver up the certificates received from the corporation by Joseph Iasigi; and the plaintiff gave notice and offered evidence of said trust to the corporation. But the corporation refused to allow such transfers, or any transfer of the shares, except under an order or decree of court.

The bill prayed that it might be declared that the plaintiff as administrator with the will annexed of Dromel is entitled to the shares, and that the defendant corporation be directed to allow the executors to transfer them to Welch or some other person, who immediately upon such transfer should transfer them to the plaintiff as administrator as aforesaid, and, upon such transfer being made, to make and deliver to the plaintiff in the usual form a certificate that the plaintiff as such administrator is the owner or holder of the shares.

The case was heard upon pleadings and proofs, without any request for a report of the evidence, before *Soule*, J., who made a decree for the plaintiff as prayed for, with costs. The defendant corporation appealed to the full court.

*J. L. Thorndike*, for the plaintiff.

*S. Bartlett*, for the defendant corporation.

GRAY, C. J. There being no report of the evidence, the only question open upon the record is whether the decree is warranted by the allegations of the bill. *Stanley* v. *Stark*, 115 Mass. 259

The bill is brought by the administrator with the will annexed, appointed in this Commonwealth, of Dromel, a citizen of France; sets forth in detail the trust upon which Joseph Iasigi held, and had invested in shares of the defendant corporation, a sum belonging to Dromel at the time of his death; alleges that Dromel by his will according to the laws of France bequeathed all his property to his widow and daughter, and that they have requested the executors of Iasigi to transfer these shares to the plaintiff; shows that the corporation had notice upon the face of the certificate that Iasigi held the shares as a trustee; and alleges that the plaintiff, with the concurrence of Iasigi's executors, has demanded a transfer of the shares, and given notice and offered evidence of the actual trust, but that the corporation has refused to allow any transfer of the shares, except under an order or decree of court.

Upon the allegations of the bill, if supported by evidence, the judge who heard the cause might well be of opinion that the corporation could easily have satisfied itself of the truth of the facts, and of its obligation to make the transfer demanded, if it had been willing to examine the evidence offered; and that its absolute refusal to make any transfer whatever, except under a decree of court, was unreasonable and vexatious. Under such circumstances, even a trustee should be charged with the costs of a suit which his conduct has made necessary to be brought against him. *Penfold* v. *Bouch,* 4 Hare, 271. *Firmin* v. *Pulham,* 2 DeG. & Sm. 99. *Taylor* v. *Dowlen,* L. R. 4 Ch. 697. And we are not required to consider how far a corporation can be deemed a trustee as against the owners of its shares, or how far an appeal can be entertained in equity upon the question of costs only.

*Decree affirmed, with costs.*