### John O'Hare *vs.* Oliver H. Downing & another.

Suffolk.   November 22. — 26, 1880.   Lord & Soule, JJ., absent.

A court of chancery will restrain by injunction a threatened levy of execution upon real estate which is not legally subject to such a levy.

Allegations in a bill in equity to restrain a levy of execution upon real estate, that a bond to dissolve the attachment in the action in which the execution was issued was given with sureties approved by a master in chancery, and was filed with the clerk of the court, and dissolved the attachment, imply notice to the plaintiff in the original action of a hearing before the master in chancery upon the sufficiency of the sureties on the bond, as required by the Gen. Sts. c. 123, § 105.

Under the Gen. Sts. c. 123, § 104, and the St. of 1870, c. 291, § 5, upon the approval by a master in chancery, and the filing with the clerk of the court, of a bond given to dissolve an attachment, the attachment is by law dissolved, without any order of the court to that effect.

If the St. of 1873, c. 297, § 2, (requiring the clerk of the court in which a suit is pending, where it appears of record that an attachment of real estate in Suffolk county has been dissolved, to forward to the register of deeds a certificate of that fact,) applies to the case of an attachment made before the act took effect, and dissolved afterwards, the failure of the clerk to forward such certificate to the register does not continue the attachment in force in favor of the attaching creditor.

If an answer to a bill in equity is filed with a demurrer, and the demurrer is overruled, no order to answer over is necessary.

A general replication puts in issue all the facts alleged in the answer to a bill in equity; and a hearing upon the bill, answer and replication necessarily involves the trial of those facts, and the consideration of any evidence thereon offered by either party.

If a final decree of a single justice of this court, sitting in equity, is appealed from, without a report of the evidence upon which the decree was made, the only question upon the appeal is whether the decree conforms to the allegations and prayer of the bill.

Bill in equity, filed August 13, 1880, against Oliver H. Downing and Benjamin F. Bayley, alleging that, on January 29,

1873, Eliza J. Bruce was seised in fee simple in her own right of a certain parcel of real estate in Boston; that, on that day, all her real estate in the county of Suffolk was attached in an action at law, upon a writ dated January 29, 1873, and returnable at the next April term of the Superior Court, in which writ Bruce was named as defendant and Downing as plaintiff; that the writ was duly entered in court, and, on June 24, 1880, judgment was entered for the plaintiff in the sum of $1494.79 damages and $177.02 costs of suit, and execution issued on July 21, 1880 ; that, on October 3, 1874, Bruce gave a bond, with sureties approved by a master in chancery, conditioned to pay to Downing the amount, if any, which he might recover within thirty days after final judgment in said action, and, on the same day, the bond was filed in the clerk's office of the Superior Court; that, on October 5, 1874, Bruce conveyed said real estate in mortgage, by two mortgage deeds duly recorded, to the Union Institution for Savings, with covenants that the same was free from all incumbrances ; that the Union Institution for Savings took possession of the estate for breach of the conditions of said mortgages, and, three years elapsing, became the owner of the estate in fee simple, and sold, and, by its deed dated April 16, 1880, and duly recorded on April 30, 1880, conveyed the same to the plaintiff in fee simple by quitclaim deed in the usual form, and the plaintiff is and has been in possession of the estate since the date of his deed ; that the execution in that action was committed by Downing to the defendant Bayley, a deputy sheriff, with instructions to take said real estate on the execution, and to sell and convey the same; that Bayley is proceeding accordingly, and has caused to be printed in a newspaper in Boston a notice of a sale on execution, on September 4, 1880, of all the right, title and interest which Bruce had in the land in question on January 29, 1873, being the time when the same was attached on mesne process; that the plaintiff has requested the defendants to cease their proceedings against the estate, but they refuse so to do, and pretend that said bond did not dissolve said attachment, for the reason, as they allege, that no notice was given to Downing or to his attorney of the examination by the master in chancery of the sureties on the bond; whereas, as the bill alleged, the bond did dissolve the attachment, the

proceedings of Bayley make a cloud upon the plaintiff's title, and a sale and conveyance of the estate by Bayley will be a cloud upon the plaintiff's title.

The prayer of the bill was that the defendants be enjoined against any proceedings against said real estate by virtue of said execution, or any other execution under said judgment; and for further relief.

Annexed to the bill was a copy of the bond to dissolve the attachment, which was in the usual form, and signed by Eliza J. Bruce and two sureties, and upon which was the following certificate signed by a master in chancery. " Suffolk ss.   October 3, 1874.   The above sureties are approved by me."

The defendant Downing filed an answer, admitting the allegations of the bill in regard to the seisin of Bruce, the attachment, judgment and levy of execution; alleging that the bond given to dissolve the attachment was void, because notice was not given to the defendant or his attorney of the time and place appointed to examine the sureties, and because the bond was not filed in the registry of deeds; and denying the validity of the mortgages to the Union Institution for Savings, and of the deed to the plaintiff.   The answer concluded as follows: " And the defendant further answering, insists specially that the plaintiff's bill ought to be dismissed, for that (1.) said bill sets forth no cause of action in that it fails to state that any notice, as required by law, was given to the defendant of a hearing upon the sufficiency of said sureties before said master in chancery; and (2.) said bill does not state any such case as calls for the interference of a court of equity; and (3.) if said bill discloses any damage to the plaintiff, he has a full, complete and adequate remedy at law."

On September 24, 1880, the plaintiff filed a general replication.   On September 27, the demurrer in the answer was heard and overruled; and the defendant Downing appealed.

On the same day the following decree was entered: " This case came on to be heard at this term on the bill, answer and general replication, and was argued by counsel; on consideration whereof, it appearing that due notice was given said Downing of the examination of sureties on said bond, it is ordered, adjudged and decreed, that the defendants, Oliver H

Downing and Benjamin F. Bayley, be and hereby are perpet-ually enjoined against proceeding against the real estate de-scribed in said bill by virtue of the execution described in said bill, or any other execution under the judgment described in said bill; to wit, a judgment in an action brought by said Downing against Eliza J. Bruce, entered in the Superior Court, county of Suffolk, April term 1873, and disposed of in the April term thereof, 1880." The defendant Downing appealed to the full court.

*B. F. Butler & J. W. Fox*, for Downing.

*J. C. Crowley & J. A. Maxwell*, for the plaintiff.

GRAY, C. J. The points taken in the argument for the de-fendant are inconsistent with well-settled rules of equity juris-diction and practice.

A court of chancery will restrain by injunction a threatened levy of execution upon real estate which is not legally subject to such a levy, and thus prevent a cloud upon the title, without compelling the owner of the land to wait until the levy has been completed, and then admit himself to be disseised, in order to maintain a writ of entry. *Clouston* v. *Shearer*, 99 Mass. 209. *Hinchley* v. *Greany*, 118 Mass. 595. *Russell* v. *Deshon*, 124 Mass. 342. *Tucker* v. *Kenniston*, 47 N. H. 267.

Notice to the plaintiff in the original action of a hearing be-fore the master in chancery upon the sufficiency of the sureties on the bond to dissolve the attachment, being a prerequisite by the Gen. Sts. *c.* 123, § 105, to the approval of the bond, is im-plied in the allegations of the bill that such a bond was given with sureties approved by the master, and was filed with the clerk, and dissolved the attachment; and these allegations are sufficiently full and certain, without specifically alleging such notice. Story Eq. Pl. §§ 252, 253. Upon the due approval and filing of the bond, the attachment was by law dissolved, without any order of the court to that effect. Gen. Sts. *c.* 123, § 104. St. 1870, *c.* 291, § 5.

The attachment having been made before the passage of the St. of 1873, *c.* 297, and therefore not recorded in the registry of deeds under § 1 of that statute, it would seem that § 2, re-quiring the clerk of this court to forward to the registry a certificate of the dissolution of the attachment, can have no

application; and it is clear that the clerk's omission to do so cannot continue the attachment in force for the benefit of the plaintiff in the action, and when no third person has acquired any rights under it.

The demurrer was therefore rightly overruled; and, as an answer had been already filed with the demurrer, no order to answer over was necessary.   14th Rule in Chancery, 104 Mass. 571.

The general replication put in issue all the facts alleged in the answer; and the hearing upon bill, answer and replication necessarily involved the trial of those facts, and the consideration of any evidence thereon offered by either party.   Story Eq. Pl. §§ 877, 878, 880.   16th Rule in Chancery, 104 Mass. 571. *Taunton* v. *Taylor*, 116 Mass. 254, 262.

The statement in the decree, that due notice was given of the examination of the sureties on the bond, shows that this fact was particularly considered and passed upon by the court, and, while it is perhaps superfluous, as expressing what without it would have been necessarily implied, affords the defendant no just ground of objection.

No report of the evidence having been requested at the hearing below, the only question before the full court is whether the decree conforms to the allegations and prayer of the bill.   Gen. Sts. *c.* 113, § 21.   35th Rule in Chancery, 104 Mass. 574.   *Stanley* v. *Stark*, 115 Mass. 259.   *Mason* v. *Daly*, 117 Mass. 403. *Iasigi* v. *Chicago, Burlington & Quincy Railroad*, 129 Mass. 46.

*Decree affirmed.*