PHILIP RAPHAEL *vs.* JAMES F. MULLEN & another.

Suffolk. March 25, 1898. — May 18, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Insolvent Debtor — Trust — Evidence — Equity — Finding of Master — Decree*
*— Discharge in Insolvency.*

Oral evidence is admissible to show that a bill of sale of personal property, although absolute in form, was made in trust or by way of security.

The obligation of a person to whom a debtor has conveyed property in trust, to repay to the latter the residue of the proceeds of the property after the object of the trust has been accomplished, is not released by the trustee's discharge in insolvency.

BILL IN EQUITY, filed in the Superior Court, January 15, 1895, against James F. Mullen and Peter Williams, to compel the defendants to refund the residue of the proceeds of certain property conveyed by the plaintiff to them. A decree was entered dismissing the bill, by consent of all parties, against the defendant Williams, and adjudging that the defendant Mullen held in trust a certain sum for the use and benefit of the plaintiff, and ordering payment of the same; and Mullen appealed to this court. The facts appear in the opinion.

*W. O. Kyle,* for Mullen.

*A. Hemenway,* (*R. R. Gilman* with him,) for the plaintiff.

HOLMES, J. This is a bill to compel the restoration of funds, the residue of the proceeds of the plaintiff's stock in trade. He made an assignment for the benefit of creditors, but later went into insolvency. He then made an offer of composition and executed a bill of sale of the property previously assigned to the same assignees, of whom the defendant Mullen was one. The other, Williams, is out of the case by agreement. The bill alleges that this bill of sale, although absolute in form, was given only as security to Mullen and Williams for such money as they should advance in order to pay the offer of composition; and it seeks an account and repayment of the balance. The case was sent to a master, who found that the bill of sale conveyed, not an absolute title, but simply a title in trust to hold as under the previous assignment. The Superior Court

made a decree in accordance with the master's report, so far as now is material, and the defendant Mullen appealed. The evidence taken by the master is attached to his report, and is brought before us by the appeal.

The main question raised concerns the finding of the master just stated. It is argued in the first place that oral evidence is not admissible to qualify the bill of sale. But it is so well settled that such a conveyance, although absolute in form, may be shown to have been made in trust or by way of security, that it is not necessary to do more than cite a few cases. *Newton* v. *Fay*, 10 Allen, 505. *Campbell* v. *Dearborn*, 109 Mass. 130. *Minchin* v. *Minchin*, 157 Mass. 265. *Riley* v. *Hampshire County National Bank*, 164 Mass. 482, 486. Then it is said that there was no evidence to warrant the master's finding. But the lawyer who acted for the plaintiff, and who witnessed the bill of sale, testified that, after many conversations with Mullen and Williams and their attorney, it was agreed finally that the plaintiff should give an absolute bill of sale to them to secure them, and that they should then carry out the terms of the composition, and that the balance, after satisfying them as to their fees and disbursements, was to be given to the plaintiff. Indeed, the defendant himself on cross-examination assented to the proposition that the bill of sale was given by way of security. It is very plain that we cannot set aside the master's finding.

Some argument is directed against the proposition that the defendant now holds the property under the original assignment. But that was not the finding of the master or the language of the decree, which follows the master's words. The language is that the bill of sale conveyed the property to Mullen and Williams, "to hold in trust as they had held it under the assignment." Of course even this language is not accurate. It does not mean that the bill of sale created a trust for creditors. But it does mean that it created a trust, with the same obligation as under the assignment to keep the fund identified and distinct, and with the same duty to hold for and pay over to Raphael any residue there might be.

Finally, it is urged that if the bill and the facts show any claim on the part of the plaintiff, it is only a debt, and not a

claim by way of trust, and that it is barred by a discharge in insolvency granted to Mullen in July, 1895. (The bill of sale was dated December 7, 1893.) We do not so read the bill, which prays that the defendants may be declared trustees and ordered to refund the money received by them in excess of payments, etc. As to the facts, the master finds a trust, not a debt. This being so, the obligation of the defendant Mullen is not discharged. Pub. Sts. c. 157, § 84. St. 1884, c. 236, § 9. St. 1890, c. 387. The cases under the United States Bankrupt Law do not apply. They started from the case of a factor, (*Chapman* v. *Forsyth*, 2 How. 202, and *Hayman* v. *Pond*, 7 Met. 328,) who, in this Commonwealth at least, is not bound to keep the proceeds of goods sold by him distinct, but is authorized to mingle them with his own funds; that is to say, to make himself simply a debtor for the amount. *Vail* v. *Durant*, 7 Allen, 408. Probably the same was thought to be true in *Cronan* v. *Cotting*, 104 Mass. 245, 247, 248, which is the strongest case cited. *Hennequin* v. *Clews*, 111 U. S. 676. The same assumption is made as to an executor in *Waller* v. *Edwards*, Litt. Sel. Cas. 348, 350. The law of Massachusetts is otherwise. See *Marvel* v. *Babbitt*, 143 Mass. 226. The decision in *Chapman* v. *Forsyth* was put on the ground that the words of the act referred only to technical trusts. See also *Woodward* v. *Towne*, 127 Mass. 41. In the present case, in view of the previous relations of the defendant to the fund and the testimony as to what was said, a finding was warranted that a trust in the strictest sense was meant, and that the assignees were expected to keep the fund separate and to turn over what was left. If such a trust obligation is discharged, we are at a loss to know what obligations are excepted by § 84.

*Decree affirmed.*