PORTLAND STEAMSHIP COMPANY vs. MARY E. DANA, executrix, & another.

Suffolk.    December 13, 1898. — January 7, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Trust — Money Deposited in Bank — Check — Equity — Appeal — Decree.*

A bill in equity by a steamship company against the executor of A.'s will alleged that A. was the plaintiff's agent in forwarding merchandise brought to a port by its steamboats, and in collecting freight on its behalf from the consignees; that he had collected freight money to a certain amount, which he had neglected to turn over, but sent his check for the amount to the plaintiff with the request that it be held until the deposit to his credit in the bank would be sufficient to meet it; that he died two days afterwards, before the check was made good; but immediately thereafter his former clerk deposited money to the exact amount and for the specific purpose of paying the check; that the check was then presented to the bank, but payment was refused; that the bank, although notified that the money belonged to the plaintiff, paid it to the defendant as executor; and that a demand was made by the plaintiff on the defendant, who refused to pay the same to the plaintiff. *Held,* upon an appeal from a decree declaring, in accord with prayers in the bill, that the money was held by the defendant as trustee for the plaintiff's benefit, and ordering the defendant to pay the same to the plaintiff, with interest and costs, there being no report of the evidence, that the decree was warranted.

BILL IN EQUITY, filed July 13, 1897, in the Superior Court, against the executrix of the will of Isaac D. Dana and the Atlas National Bank, to recover money alleged to belong to and to be held in trust for the plaintiff by the defendant Dana. A decree was entered for the plaintiff; and the defendant Dana appealed to this court. The facts appear in the opinion.

*W. F. Harding & R. E. Harding,* (*H. J. Edwards* with them,) for the defendant Dana.

*E. P. Payson & N. U. Walker,* for the plaintiff.

LATHROP, J.    This case comes before us on appeal by Mrs. Dana, as executrix, from a decree of the Superior Court, declaring that $240 of the $250 withdrawn by her from the Atlas National Bank is held by her as trustee for the benefit of the plaintiff, and ordering her forthwith to pay to the plaintiff the sum of $240, with interest thereon from March 13, 1897, with

costs. The only papers printed in the record are the bill, answer, decree, and appeal, and a statement that issue was joined.

We must assume that the case was not heard on the bill and answer, but that there was a hearing of the case on the merits. As no evidence is presented to us, the only question is whether the decree conforms to the allegations and prayers of the bill. *Iasigi* v. *Chicago, Burlington, & Quincy Railroad,* 129 Mass. 46. *O'Hare* v. *Downing,* 130 Mass. 16. *Weld* v. *Walker,* 130 Mass. 422.

It is stated in the plaintiff's brief that the defendant bank filed a demurrer, and, upon a hearing, the bill was dismissed as to this defendant. We need therefore concern ourselves only with the question whether the decree against Mrs. Dana was warranted.

The facts as alleged in the bill are in substance that one Isaac D. Dana was the agent of the plaintiff in forwarding merchandise brought to Boston by the plaintiff's steamboats, and in collecting freight on behalf of the plaintiff from the various consignees; that he had collected freight money to the amount of $250, which he had neglected to turn over; but in lieu thereof, on February 27, 1897, sent his personal check for said amount to the plaintiff, with the request that it hold it for a few days until the deposit to his credit in the bank would be sufficient to meet it; that Dana died on March 1, 1897, before the check was made good, but immediately thereafter there was deposited by one Woodbury, his former clerk, money to the exact amount and for the specific purpose of paying the check of $250, thus making good the money collected by Dana and belonging to the plaintiff, and which he had neglected to turn over; that the check was thereafter presented to the bank for payment, but, the statutory limitation in such cases provided having run, (see St. 1885, c. 210, § 2,) the bank refused to pay the same; that the bank was forthwith notified that the money belonged to the plaintiff and was set apart in trust as the plaintiff's property; but the bank refused to pay the money to the plaintiff, and paid it to Mrs. Dana, as executrix of her husband's estate; and that a demand was made by the plaintiff on Mrs. Dana, and she refused to pay the same to the plaintiff. Some of the prayers

of the bill were in exact accord with the decree, and need not be further stated.

The relation between Isaac D. Dana and the plaintiff was not that of debtor and creditor, and money collected by Dana for the plaintiff was held by him in a fiduciary capacity, or as trustee for the plaintiff. If he in his lifetime had deposited such money in a bank, although in his own name, the fund would have been impressed with the trust, and the plaintiff could have had the trust declared by a bill in equity brought against the bank. *Knatchbull* v. *Hallett,* 13 Ch. D. 696. *National Bank* v. *Insurance Co.* 104 U. S. 54. *Cavin* v. *Gleason,* 105 N. Y. 256. *Springfield Institution for Savings* v. *Copeland,* 160 Mass. 380, 384.

We cannot assume, in the face of the decree and in the absence of evidence, that the money which Woodbury deposited to meet the check belonged to the general estate of Dana, rather than to the trust fund which Dana had not paid over. As the defendant has not seen fit to bring up the evidence, or to ask the judge to report the facts, we are of opinion that any doubt on this point must be resolved against the defendant.

In this view of the case, the amount deposited did not become assets of the estate, and the payment of the money by the bank to Mrs. Dana did not make it assets, nor can she hold it as executrix. *Farrelly* v. *Ladd,* 10 Allen, 127.

*Decree affirmed.*