JOSEPH A. LABBE *vs.* SAMUEL HADFIELD & another.

Bristol.　　October 28, 1901. — January 2, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Equity Jurisdiction*, Implied trust.　*Mortgage, Of Chattels*, Enforcement in equity. *Insolvency*, Rights of mortgagee.

In a suit in equity by a mortgagee of personal property against an assignee in insolvency to enforce the payment of the mortgage debt out of the proceeds of a sale of the mortgaged property in the hands of the assignee, it appeared, that a year after the giving and recording of the mortgage the mortgagor was adjudged insolvent and a messenger was appointed who took possession of the insolvent's estate mortgaged and unmortgaged, consisting of personal property only. On the petition of creditors the messenger was authorized to sell the property, and sold the mortgaged and unmortgaged property without separation for a lump sum, the plaintiff consenting in writing to the sale on the condition that the proceeds should be held first subject to his mortgage and should be deposited by the messenger in the insolvency court. Later the defendant was appointed assignee and the messenger on the demand of the defendant and with the assent in writing of the plaintiff turned over the proceeds of the sale to the defendant. In the sale by the messenger the terms of the mortgage in regard to a sale of the mortgaged property were not followed. The mortgaged property sold for more than enough to pay the amount due on the mortgage. *Held*, that the proceeds of the mortgaged property were subject to a trust in favor of the plaintiff, that there was nothing invalid or unlawful in the arrangement that the mortgage lien should attach to the proceeds of the mortgaged property sold, and that the plaintiff's right could be enforced in equity. If the plaintiff could have sued at law for money had and received, his remedy in equity would not be affected by that fact. As to the irregularities of the sale, these were not objected to by either the mortgagor or the creditors, and the defendant, by demanding and receiving the proceeds of the sale, affirmed it.

The only effect of failing to follow the provisions of Pub. Sts. c. 157, § 28, as to proof of claims against an insolvent by persons holding mortgages, is to deprive the mortgagee of the right to prove his claim in the insolvency proceedings.

BILL IN EQUITY by a mortgagee of personal property against the messenger and the assignee in insolvency of the estate of one Hormidas Le Blanc, to enforce the payment of the mortgage debt out of the proceeds of a sale of the mortgaged property in the hands of the assignee, filed April 27 and amended December 7, 1898.

The case is stated by the court. The plaintiff's consent in writing to the sale of the mortgaged property by the messenger

was as follows: "I, Joseph A. Labbe of Fall River, County of Bristol and Commonwealth of Massachusetts, hereby consent to the sale of stock of goods, notions, hardware, fixtures and all other things in store No. 1348 Pleasant Street in said Fall River; and to sale of horses, carriages, wagons, harnesses, now in barn on leased land in rear of No. 1348 Pleasant Street in said Fall River; all said goods being the same as mortgaged to me by Hormidas Le Blanc. I agree to sale by Samuel Hadfield and agree to make him my agent to sell my interest in said goods, meaning especially to sell my right to said goods as mortgagee, providing the money realized by said sale to be held first subject to my mortgage, and to be deposited by said Hadfield in the Insolvency Court as Messenger of said Le Blanc, insolvent debtor. Joseph A. Labbe."

Below this was written and signed the plaintiff's assent to the turning over of the proceeds of the sale of the mortgaged property by the messenger to the assignee, as follows: "I hereby authorize Samuel Hadfield to turn over to A. S. Phillips, Assignee, the money held by him from said sale. Joseph A. Labbe."

*A. S. Phillips,* (*W. E. Fuller, Jr.,* with him,) for the assignee.

*H. A. Dubuque,* for the plaintiff.

MORTON, J. The plaintiff held a duly recorded mortgage for $650, dated December 15, 1896, on the stock in trade and on other personal property of one Le Blanc. In December, 1897, Le Blanc was adjudged insolvent, and the defendant Hadfield was appointed messenger and took possession of the estate of the insolvent, mortgaged as well as unmortgaged. The estate consisted of personal property only. The defendant Phillips was subsequently appointed assignee. Upon the petition of the creditors of Le Blanc the messenger was authorized to sell the property at private sale and did so. The sale included mortgaged and unmortgaged property and was for a lump sum. There was no separation of the mortgaged from the unmortgaged property by the messenger or by any one. The plaintiff consented to the sale of the mortgaged property by the messenger with the proviso that "the money realized by said sale [of the mortgaged property] to be held first subject to my mortgage, and to be deposited by said Hadfield in the Insolvency Court as

messenger of said Le Blanc." The proceeds of the sale were subsequently turned over by the messenger to the assignee on the demand of the latter. This also was done with the consent of the plaintiff the same being written under the consent to the sale. The plaintiff demanded payment of his mortgage after the sale but the defendants neglected and refused to pay the same. Thereupon this bill was brought alleging, amongst other things, that the proceeds of the sale were impressed with a trust in favor of the plaintiff, and praying in substance that the defendants might be ordered to pay the plaintiff the amount due on his mortgage. There was a demurrer by the defendant Phillips which was overruled and he appealed. The case was sent to a special master who duly made a report of his findings. Various exceptions were taken by the defendant Phillips to the report, but they were all overruled and the report was confirmed and a decree was entered in favor of the plaintiff against the defendant Phillips, and the bill was dismissed as to the defendant Hadfield without costs. The defendant Phillips appealed from the order overruling his exceptions to the master's report and from the final decree. We think that the demurrer and the exceptions to the master's report were rightly overruled and that the decree should be affirmed.

It is plain, we think, that the proceeds of the mortgaged property were and are subject to a trust in favor of the plaintiff in the hands of the messenger and of the assignee. The sale was made by the messenger as messenger and upon the express understanding that the mortgage lien should attach to the proceeds as it did to the property sold. We see nothing invalid or unlawful in such an arrangement. The only effect of Pub. Sts. c. 157, § 28, in cases where its provisions are not followed, is to deprive the mortgagee of the right to prove. The master has found that the mortgaged property sold for more than enough to pay the amount due on the mortgage, that the funds were received by the assignee with knowledge of the facts relating to the sale, and that they are subject in his hands to the same rights on the part of the plaintiff as in the hands of the messenger. The conclusion expressed in the last part of this statement of findings by the master is well warranted by the facts found by him and shows that the funds held by the assignee

are to the extent to which they are the proceeds of the mortgaged property subject to a trust in favor of the plaintiff. It is possible that an action at law for money had and received would also lie against the messenger or assignee, but that fact, if it is a fact, does not affect the remedy in equity to enforce the trust. *Wilkinson* v. *Stitt*, 175 Mass. 581, 583. *Portland Steamship Co.* v. *Dana*, 172 Mass. 447. *Raphael* v. *Mullen*, 171 Mass. 111, 113. *Taft* v. *Stow*, 174 Mass. 171. It is no doubt true that the sale was attended with irregularities. The mortgaged property was not separated from the unmortgaged, and the terms of the mortgage in regard to a sale of the mortgaged property were not followed. But neither the mortgagor nor the creditors have objected to what was done. There has been no offer to rescind, probably for the reason that the parties could not be put *in statu quo*, and the assignee by demanding and receiving the proceeds of the sale must be held to have affirmed it. We see no error in the way in which the master arrived at the value of the mortgaged merchandise that was included in the sale. It was apparently the only way in which the value could be arrived at except at a disproportionate time and expense.

The mortgage included household furniture. The assignee contends that the plaintiff should have resorted to that in the first instance, and that the decree is erroneous in not requiring the plaintiff to assign the mortgage to him. We know of no rule that requires a creditor as between himself and his debtor to resort to one security or remedy rather than another. There is nothing to show that the furniture was in existence at the time of the sale or that, if it was, it was of any value. The master has made no finding in regard to it and was not asked to do so. Assuming without deciding that under some circumstances, upon payment, the assignee would be entitled to an assignment of the mortgage, there is nothing to show that in this case there was any error in failing to require such assignment.

It is objected that the subject matter of the bill is *res adjudicata*. But the record of the former case is not before us. It is impossible to tell, therefore, whether the objection is well taken or not.

The evidence is not reported and therefore no exceptions or objections in regard to it can be considered.

There was no error in allowing interest from the date of the filing of the bill, and the plaintiff as the prevailing party was entitled to costs.

*Decree affirmed.*