## ELLEN WHELAN *vs.* JEREMIAH SULLIVAN.

An agreement in writing for the conveyance of "a piece of land," which does not, either in itself, or by reference to any other writing, contain means of identifying the boundaries is within the statute of frauds.

After a suit in equity to compel specific performance of a written agreement for the sale of land has been heard by a single justice, reserved for the consideration of the full court, and by it determined not to be maintainable, for the reason that the writing does not take the agreement out of the statute of frauds, the plaintiff cannot be allowed to amend the bill so as to allege a previous oral agreement for the sale of the land and such part per-

formance as would avoid the statute, and to pray for specific performance of this prior agreement, except on terms which would be equivalent to requiring the filing of a new bill; even though, at the argument before the full court, he gave notice that, in event of an adverse decision on the written agreement, he should apply for leave to make such amendment.

BILL IN EQUITY filed at April term 1869, alleging that on November 17, 1862, the defendant owned a lot of land in West Springfield, then and ever since occupied by the plaintiff, and described in the bill by metes and bounds; that on the day named he bargained and sold this lot to her for twenty dollars, and she paid him therefor; and that on said day he signed and delivered to her the following agreement in writing, but ever afterwards neglected to give her a warranty deed of " said land," notwithstanding her repeated requests therefor: " This is to certify that the widow Ellen Whelan paid me twenty dollars for a piece of land I have sold her before witness (no survey), which I do promise to give her a warranty deed when required. Said land being in Mittenague, or West Springfield. For the performance of my promise I pledge my word and property. Given under my hand this 17th day of Nov. 1862. Remain the deed is to be forever." The prayer was for a decree to compel the defendant " to execute and deliver to the plaintiff a warranty deed of said lot of land in due form." The answer, among other defences, set up the statute of frauds.

Issue was joined on the answer; and the case was heard by the chief justice, and reserved for the determination of the full court on a report of which the following is all that is now material:

In August 1862 the defendant bought a tract of land from Daniel Sullivan, to whom he gave a mortgage of it to secure payment of part of the price. The plaintiff soon afterwards asked him to sell her a small piece of it for her to build a shanty upon. He told her of the mortgage, and that he was willing to sell to her if she was satisfied with the title. She said that she was satisfied; and they accordingly staked out on the tract the lot described by metes and bounds in the bill, and agreed that she should pay twenty dollars for it; and she built a shanty on it and occupied it ever afterwards. She was a dealer in intoxi-

cating liquors, and he owed her six dollars for such liquors, which she had sold to him. She paid him fourteen dollars, and discharged her account against him; and this constituted her payment for the lot. On November 17, 1862, four or five weeks after the shanty was built, the defendant signed the writing set forth in the bill. In the autumn of 1864 he paid the mortgage note, and the mortgage was discharged. Early in 1868 the plaintiff demanded of him a conveyance of the lot she so occupied, and he refused to convey it to her. " The defendant contended that the contract was void because it was in violation of the law relating to the sale of intoxicating liquors; also that the written agreement was insufficient, and the contract was within the statute of frauds, and could not be enforced. These questions are reserved for the consideration of the full court."

At the argument before the full court, the counsel for the plaintiff stated that, in event of an adverse decision on the ground that the writing was within the statute of frauds, he might ask to amend the bill so as to allege a previous oral agreement of the defendant for the sale of the lot occupied by the plaintiff, and such part performance thereof as would take the case out of the statute, and pray for a specific performance thereof.

*H. Morris*, for the plaintiff.

*H. B. Stevens*, for the defendant.

Gray, J. The piece of land of which the plaintiff claims a conveyance was part of a larger tract owned by the defendant. The memorandum of November 17, 1862, does not, either in itself, or by reference to any other writing, contain the means of describing or identifying the boundaries of the piece to be conveyed. It was therefore clearly insufficient to take the case out of the statute of frauds. *Atwood* v. *Cobb*, 16 Pick. 227. *Morton* v. *Dean*, 13 Met. 385. *Hurley* v. *Brown*, 98 Mass. 545 Parol testimony of a previous oral agreement, which is the only means of identification referred to in the memorandum, cannot be taken into consideration in order to complete it. *Waterman* v. *Meigs*, 4 Cush. 497.

The bill does not allege, and the defendant was not bound to be prepared at the hearing to disprove, any previous oral agreement, part performance of which was intended to be relied on to take the case out of the statute. The report therefore does not present the question whether the statutes conferring full equity jurisdiction in cases of fraud, accident or mistake, and all other cases where there is not a plain, adequate and complete remedy at law, have enabled this court to grant relief on the ground of part performance, which it had held that it could not do while its jurisdiction in equity was more limited. See *Jacobs v. Peterborough & Shirley Railroad Co.* 8 Cush. 223; *Sanborn v. Sanborn*, 7 Gray, 142; *Buck* v. *Dowley*, 16 Gray, 555; Gen. Sts. *c.* 113, § 2. An amendment of the bill for the purpose of presenting this question could not justly be allowed at this stage of the cause, except upon terms which would be equivalent to obliging the plaintiff to file a new bill.

*Bill dismissed with costs, without prejudice.**

---

* This case was decided before *Glass* v. *Hulbert, ante,* 24.