### HENRY G. CLARK *vs.* EDWIN M. CHAMBERLIN.

A memorandum of sale of land which simply describes the land sold as lots No. 1 and 2, without making reference to any plan or writing by which the premises can be identified, is not a sufficient memorandum under the Statute of Frauds.

CONTRACT for the breach of an agreement for the purchase of land. Among other defences the Statute of Frauds was relied upon. The case was tried in the Superior Court, before *Devens,* J., without a jury, who, upon the facts as found by him, reported the case for the determination of this court.

The facts, so far as they were material to decision, were as follows : The plaintiff, being the owner of certain land in Brookline, advertised and offered it for sale by auction. Prior to the sale, the auctioneer exhibited to the defendant an old plan, and made an oral statement to him that the lots marked 17 and 18 thereon would be divided into three lots of equal frontage on the street, and that the division lines would run back straight to the rear of

Clark *v.* Chamberlin.

the lots. The auctioneer then went upon the land with the de-
fendant and others who were present, and made an oral statement
that it would be divided into three lots of equal frontage on the
street, and that the division line would run perpendicularly to
Freeman Street, to the rear of the lots, and that the first lot sold
would be the one adjoining the Babcock line, and pointed out
and orally described the lots to him, so that they were understood
by him, but did not expressly state what the frontage or area
would be. He then made an announcement of the terms and
conditions of the sale by reading them, and first offered for sale
the lot adjoining the Babcock line, with the privilege of taking
the three, and struck it off to the defendant, and then the lot
next the first was put up, and both were bid off by the defendant
at the prices stated in the declaration. The defendant signed a
memorandum, a copy of which is as follows:

"We, whose names are hereto appended, hereby acknowledge our-
selves the purchasers of the lot or lots of land situated on Freeman
Street in Brookline, and sold at auction, July 13th, 1870, at 3½
o'clock P. M. Namely: the lot or lots of lands against which we
have recorded our respective names, and at the prices recorded
by the auctioneer; said lots being more particularly described in
the advertisement hereto appended. And we hereby bind our-
selves, our heirs and assigns, to comply with the terms and con-
ditions of the sale, as declared by S. A. Walker, the auctioneer,
at the time and place of sale.

| No. of Lots. | Names of Purchasers. | No. of feet. | Name of Street. | Price. |
|---|---|---|---|---|
| 1 | Edwin M. Chamberlin | | Freeman St. | 14 3-4 |
| 2 | Edwin M. Chamberlin | | do | 14 3-8" |

The advertisement appended to this memorandum was as fol-
lows:

"By Samuel A. Walker, (Office No. 15 Central Street.) This
day. 6 Splendid House Lots in Brookline. On Wednesday,
July 13, at 3½ o'clock P. M.

"Will be sold six splendid house lots situated on Freeman
Street, in the beautiful town of Brookline, containing from 6500
to 13,000 feet of land each. They are embellished with choice

fruit trees, and on high grounds, commanding a magnificent view of Boston and the neighboring cities and towns. The locality is unsurpassed, and the neighborhood highly respectable. Gas pipes are laid through Freeman Street, which connects with Pleasant Street and Babcock Avenue, and the Allston and Cottage Farm Stations on the Boston and Albany Railroad, and the Chapel and Longwood Stations on the Brookline Branch are but a short distance from the premises. These lots adjoin the Crowninshield and Babcock estates, and are superior to most house lots within ten miles of Boston. These lots have been planted with beautiful trees by the present owner, and were purchased for his own private use, but having made other arrangements, they will be offered to the highest bidder.

" Those wishing to secure a splendid building lot should certainly attend this sale. Terms liberal — $50 to be paid on each lot upon the spot. Further particulars of the auctioneer."

If the plaintiff was entitled to maintain the action the case was to be referred to an assessor to be appointed by the court, otherwise judgment was to be entered for the defendant.

*C. P. Judd*, for the plaintiff.

*G. W. Estabrook*, for the defendant, was not called upon.

MORTON, J. The insuperable difficulty in the plaintiff's case is, that the memorandum in writing does not contain a description of the premises sold sufficient to satisfy the Statute of Frauds. It describes the land sold as lots No. 1 and 2, but no plan is referred to, and none existed, fixing the location or limits of the lots. It does not in itself, or by reference to other writings, contain the means of identifying the premises. *Whelan* v. *Sullivan*, 102 Mass. 204.

It shows that the defendant agreed to purchase a part of a large tract of land owned by the plaintiff, but furnishes no means of determining what or how large a part.

*Judgment for the defendant.*