## FRANKLIN MEAD *vs.* JONAS PARKER.

Suffolk. March 13. — September 4, 1874. COLT & ENDICOTT, JJ., absent.

In a written contract to convey real estate, the words " a house on Church Street," are a sufficient description of the estate to satisfy the requirements of the statute of frauds ; and the house may be identified by parol evidence.

The presumption, that an estate is situated in a certain place, arising from the fact that a written contract to convey it is dated at that place, is one of fact and may be rebutted by oral evidence.

CONTRACT to recover damages for an alleged breach of the following contract in writing signed by the defendant : " Boston, December 17th, 1872. This is to certify that I, Jonas Parker, have sold to Franklin Mead a house on Church Street for the sum of fifty-five hundred dollars ; and, in payment, said Mead

assumes the mortgage of . twenty-nine hundred dollars, and pays cash one hundred dollars; balance, bill of sale of a steam engine and crushing machine, and trucks and railway, and all the implements in the building; and also the building in which the said machinery and tools, now with the same; and papers necessary to convey above to be made and passed on or before 2th December, 1872."

The declaration alleged that the house referred to was on Church Street, Somerville.

At the trial in the Superior Court, before *Putnam*, J., the defendant contended that the writing declared on was not such an agreement in writing as was required by the statute of frauds, Gen. Sts. *c.* 105. The court ruled that the writing was a sufficient agreement within the meaning of the statute. The case went to the jury, and evidence was offered by the plaintiff to prove the identity of the property, and that the bargain was made between the parties on the premises.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the above ruling.

*A. J. McLeod*, for the defendant.

*J. H. Hardy*, (*G. W. Morse* with him,) for the plaintiff.

WELLS, J. In the opinion of a majority of the court, there is no substantial point of difference by which to distinguish this case from *Hurley* v. *Brown*, 98 Mass. 545. In that the writing disclosed an agreement for the sale of " a house and lot of land situated on Amity Street." There being several such, parol evidence was admitted to show that there was one only which the defendant had any right to convey, and that the parties had been in treaty for the sale and purchase of it. The court held that the subject matter of the contract might thus be identified; and when so ascertained the writing might be construed to apply to it; and was thus made sufficiently definite and certain for specific enforcement in equity.

In that case, the location of the property in Lynn appeared from the writing. In the present case, the writing bears date at Boston; which might indicate that the property was in Boston. But that is an inference of fact, not conclusive. If it appeared that there was no Church Street in Boston, or that the defendant had no house there, but did own one upon Church Street

in Somerville, the identification of that as the subject of the nego-
tiation and agreement might be effected by parol evidence upon
the same principle and by the same rule as was applied in *Hurley*
v. *Brown.* It is not a question of the sufficiency of the writing
under the statute of frauds, so much as it is of the right to
resort to parol evidence in aid of the writing, where an ambiguity
exists in respect to the property intended to be sold, or to which
the contract relates. The most specific and precise description of
the property intended requires some parol proof to complete its
identification. A more general description requires more. When
all the circumstances of possession, ownership, situation of the
parties, and of their relation to each other and to the property, as
they were when the negotiations took place and the writing was
made, are disclosed, if the meaning and application of the writing,
read in the light of those circumstances, are certain and plain, the
parties will be bound by it as a sufficient written contract or
memorandum of their agreement. That parol evidence is com-
petent to furnish these means of interpreting and applying written
agreements is settled by the uniform current of authorities. *Baker*
v. *Hathaway,* 5 Allen, 103. *Farwell* v. *Mather,* 10 Allen, 322.
*Putnam* v. *Bond,* 100 Mass. 58. *Stoops* v. *Smith,* 100 Mass. 63,
and cases there cited. 1 Greenl. Ev. §§ 286, 288.

The case finds that " evidence was offered by the plaintiff of
the identity of this property, and that the bargain was made
between the parties on the premises." No question is made of
the sufficiency of this evidence for the purpose, if it was compe-
tent so to connect the writing with its subject matter. The
objection is that as the writing does not of itself describe the
subject of the sale with any degree of certainty, it is therefore
insufficient as a memorandum under the statute of frauds ; and
that parol evidence cannot be resorted to in order to identify the
property and relieve the ambiguity.

We think the writing is sufficient to satisfy the statute of
frauds ; and if, when the facts were shown, the ambiguity dis-
appeared, it was capable of being enforced as a contract.

*Exceptions overruled.*