PERLEY R. SLATER & wife *vs.* TIMOTHY H. SMITH.

Middlesex.    January 18. — 19, 1875.    AMES & ENDICOTT, JJ., absent.

A bill in equity was brought by husband and wife for the specific performance of a contract signed by the husband and the defendant, by which the defendant agreed to convey to the husband, "my estates located as follows: Three houses in the town of Revere, as shown this day; two are French roof, and valued at $3000 each; the other is a pitch-roof house, and valued at $6,000; together with the land as now fenced; the whole being valued at $12,000. Also three tenement houses on Brewery Street, in Cambridge, as shown this day, and valued at $8000, subject to a $2000 mortgage: all the aforementioned estates having an equity of $18,000." The bill also prayed for further relief. The defendant demurred, setting up the statute of frauds. *Held,* that the contract, though not signed by the wife, was a sufficient memorandum within the statute of frauds, and that the demurrer must be overruled.

BILL IN EQUITY by Perley R. Slater and Martha M. Slater, for the specific performance of the following agreement in writing, under seal, and signed by Perley R. Slater and the defendant:

"Boston, October 22, 1872. By this agreement made this day through Wilder & Holway, our respective agents, we hereby bind ourselves, our heirs and assigns to the following conditions for exchange of real estate and land bonds or certificates of stocks, and agreeing to make good to each other any loss or damage that may arise in consequence of failure on the part of either party to carry out in good faith the following contract within the time hereinafter named, to wit:

" I, Timothy H. Smith, of Boston, agree to sell and convey to Perley R. Slater, of Medford, or his assigns, by warranty deed, my estates located as follows : Three houses in the town of Revere, as shown this day ; two are French roof, and valued at $3000 each ; the other is a pitch-roof house, and valued at $6000 ; together with all the land as now fenced ; the whole being valued at $12,000. Also three tenement houses on Brewery Street, in Cambridgeport, as shown this day, and valued at $8000, subject to a $2000 mortgage : all the aforementioned estates having an equity of $18,000.

" And I, Perley R. Slater, for myself and as agent for my wife, Martha M. Slater, do hereby bind ourselves to pay in exchange for said $18,000 equities, $9000 in Boylston Land Associates Stock, of nine shares of $1000 each, and nine shares of Boston Land Associates Stock, valued at $1000 each, as agreed upon ; in all $18,000. The whole to be closed on or before ten days from this date.

" And we hereby each agree to pay in cash to said Wilder & Holway two per cent. commission as remuneration for their services in making the above contract, when fully completed and conveyed.

" In case of either party backing out, a sum of $5000 shall be paid to the other for damages or if not carried out in ten days as abovenamed."

The bill, after setting forth the agreement, alleged that the plaintiffs, in strict compliance with the terms of the said contract on their part and within the ten days named therein, to wit, on the ninth day after the date of the said contract, procured and tendered to Smith the $18,000 in certificates of land stock described in the agreement, and did then and there demand that he make, execute and deliver to the plaintiffs the deed or deeds of the several parcels of land to be by him conveyed ; but that Smith refused to comply with the terms of his contract.

The prayer of the bill was that the court would compel Smith to perform his said contract according to its terms by requiring him to make, execute and deliver to the plaintiffs good and sufficient deed or deeds of the said estates requisite to convey the same to the plaintiffs, and compel him to accept of them the said $18,000 in land stocks by them tendered as aforesaid, which

stocks they now have and stand ready to deliver to the said Smith when and where this court may order, and for further relief.

The defendant demurred to the bill, assigning as causes of demurrer that the said agreement was not such an agreement in writing, so far as the description of real estate is concerned, as is contemplated and required by the statute of frauds ; that the bill does not set forth and allege sufficient to enable the plaintiffs to recover by said bill against this defendant, because the agreement is an agreement in relation to the sale or exchange of real estate, and that there is no such agreement signed by the defendant in relation thereto as will enable the plaintiffs to enforce the same in accordance with the statute of frauds ; and because the plaintiffs pray the court to order a specific performance of the alleged agreement in a different manner from that contemplated and agreed in and by the said agreement.

The case by request of the parties was reserved by *Devens*, J., for hearing by the full court upon the bill and demurrer.

*W. S. Gardner*, for the defendant.

*C. M. Ellis & I. S. Morse*, for the plaintiffs.

GRAY, C. J.   It is settled by the decisions of this court that the contract signed by the defendant was a sufficient memorandum to take the case out of the statute of frauds, even if not signed by or in behalf of the plaintiffs. *Mead* v. *Parker*, 115 Mass. 413.   *Old Colony Railroad* v. *Evans*, 6 Gray, 25.   It is impossible to see, upon this demurrer, that competent parol evidence would not identify the estate intended, as the only one which would satisfy the description.   Under the prayer of the bill, the court may mould the relief according to the circum stances which may appear at the hearing.

*Demurrer overruled.*