JOHN H. WHITE, in equity, *vs.* ANSEL T. MOOERS and GEORGE B. HAYWARD.

Aroostook.      Opinion November 30, 1893.

*Equity. Specific Performance. Description. Trust. Notice.*

In a written contract to convey real estate, the words, "Store lot on corner of Presque Isle and Marsardis streets in Ashland," are a sufficient description to enable the vendee to maintain a bill for specific performance.

The vendor, one of the defendants, after the date of the memorandum of sale, conveyed the lot to the other defendant, who had notice of the previous sale of the land to the plaintiff. *Held;* that the other defendant having acquired the legal title with notice of the trust is chargeable with its terms and may properly be compelled to comply with them.

ON APPEAL.

Bill in equity praying for specific performance of a written contract for the sale of land, on which there was a hearing on bill, joint answer and testimony, and a decree in favor of the plaintiff. The contract was as follows:

"Received of J. H. White twenty-five dollars on account of Store Lot on corner of Presque Isle and Masardis streets in Ashland. The price of said lot is five hundred dollars, the balance to be four hundred and seventy-five dollars to [be] paid when deed of lot is made.

"Ashland, Me., May 1st, 1891.                    A. T. MOOERS."

The plaintiff alleges a tender and demand for a deed, on the fifth day of May following, of the defendant Mooers who refused to make and deliver a deed, but on the fifteenth day of the same month sold and conveyed the land to George B. Hayward, the other defendant, who well knew of the agreement and part payment. He, thereupon, prayed for a specific performance of said agreement; "that in purchasing lot of land, said Hayward may be adjudged and decreed a trustee for him, the said plaintiff, and as now holding said lot in trust for him, the said plaintiff; that the said respondents may be ordered to convey said lot to him, the plaintiff, upon payment of said unpaid balance of said purchase money, which said balance the said plaintiff now in court offers to pay," &c.

The defendant Mooers admits, in his answer, the making of the contract, and replies that no definite bounds of the lot were talked of between himself and the plaintiff, or contained in the memorandum; that he had measured off and staked out, previous to the date of the memorandum, a twenty-four foot strip on the east side of the lot and which he had talked of selling to another party for fifty dollars; that he did not intend to include this strip in the memorandum; and that he intended to sell and convey to the plaintiff only so much of the tract as lies west of said twenty-four foot strip, &c.

He also denies the tender and refusal to make and deliver a deed of the land in accordance with the agreement, but on the contrary avers that he was willing and ready to make and deliver a deed of all of said tract lying west of said twenty-four foot

strip in accordance with his said agreement: "but the said White refused to take such deed unless the said Mooers would include in said deed said twenty-four foot strip; that thereupon said Mooers offered to pay back to said White said sum of twenty-five dollars as said White claimed that he did not understand said agreement as said Mooers did; and said Mooers is now and ever has been, ready and willing and hereby offers to pay back to said White said twenty-five dollars; and that upon the refusal of said White to accept such deed, he the said Mooers considered himself discharged from any further obligation under his said agreement," &c.

The defendant, Hayward, denied knowledge of the agreement until after he had received his deed of the premises, which was on May fifteenth following; and further says in his answer "that he was informed that said Mooers had received of said White said sum of twenty-five dollars in part payment of a lot of land about the boundaries of which the said White and Mooers had disagreed, but not as a consideration for the making and delivery of any agreement; and that he purchased said premises described in paragraph first of the bill, in good faith without knowledge of any claim, legal or equitable, that said White might have to the same," &c.

The decree, omitting formal parts, from which the defendants appealed is as follows:

"That the said Ansel T. Mooers and George B. Hayward shall make, execute, acknowledge and deliver to the said complainant, John H. White, a deed of quitclaim, with special covenants of warranty against incumbrances created by them, of the premises described in the bill of complaint within twenty-one days from the date of this decree; provided that before said deed is delivered and conveyance is made, and within said period, said complainant, John H. White, shall have deposited in said court, to be paid to said George B. Hayward, the sum of four hundred and seventy-five dollars less the complainant's costs in this action."

The description of the lot contained in the deed to Hayward will be found in the opinion of the court. Arguments of counsel on the facts are omitted.

*George H. Smith*, for plaintiff.

Counsel cited : *Berry* v. *Berry*, 84 Maine, 542, and cases ; *Connihan* v. *Thompson*, 111 Mass. 270 ; *Knapp* v. *Bailey*, 79 Maine, 196 ; *Hull* v. *Noble*, 40 Maine, 480-1 ; *Mead* v. *Parker*, 115 Mass. 431, and cases ; *Simpson* v. *Blaisdell*, 85 Maine, 199.

*Powers and Powers*, for defendants.

Plaintiff does not show a case where damages in an action at law would not be an adequate remedy ; and the case shows so plainly a misunderstanding of the parties as to boundaries that specific performance ought not to be decreed.    *Mansfield* v. *Sherman*, 81 Maine, 365 ; *Porter* v. *Frenchman's Bay*, &c., *Co.* 84 Maine, 195.

SITTING : PETERS, C. J., LIBBEY, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J.    Bill to compel specific performance of an agreement in writing for the conveyance of land.    The agreement is admitted, but is claimed to refer to a narrower lot than claimed by the plaintiff.    The agreement is for a "store lot on corner of Presque Isle and Masardis streets in Ashland."    The store had been burned and the lot was vacant, being eighty by one hundred feet.    It was all the land owned in one parcel by the vendor. The defense insists that a strip on one side of the lot, twenty-four feet wide, was not included in the memorandum of sale. The vendor, one of the defendants, after the date of the memorandum of sale, conveyed the entire lot to the other defendant, who is shown to have had notice of the previous sale of the land to the plaintiff.

Equity assumes that to be done which ought to have been done ; and therefore, the vendor in this case stands seized of the land in trust for the plaintiff.    He is the real owner of the land, and the vendor of the purchase money.    The other defendant, having acquired the legal title with notice of the trust, stands charged with its terms and may properly be compelled to comply with them.    *Ricker* v. *Moore*, 77 Maine, 292 ;

*Linscott* v. *Buck*, 33 Maine, 530; *Foss* v. *Haynes*, 31 Maine, 81; *Cross* v. *Bean*, 83 Maine, 61.

The memorandum of sale describes the premises as "store lot on corner" of two streets. The vendor owned but one store lot at that locality. The writing could refer to none other. There is no ambiguity about it. It is sufficient in law. *Hurley* v. *Brown*, 98 Mass. 545; *Mead* v. *Parker*, 115 Mass. 413; *Williams* v. *Robinson*, 73 Maine, 186; *Nugent* v. *Smith*, 85 Maine, 433.

The evidence fails to identify as the "store lot" anything short of the entire lot. There is no mistaking what the parties intended as the subject of the purchase. Fourteen days after the memorandum of sale had been made, the vendor conveyed to the other defendant, for a consideration of fifty dollars in excess of that stipulated in the sale to the plaintiff: "The lot that my store set on that was burned last fall and bounded as follows: bounded on the south by lot sold by me to Edwin Clark; bounded on the east by lot sold by me to Mrs. Westley Martin; bounded on the north by Presque Isle road; and bounded on the west by the State road or road to Masardis." Further comment as to what was intended by the "store lot" seems unnecessary.

*Decree below affirmed with additional costs.*