## DAVID HARRELL *vs.* LOUIS SONNABEND.

Suffolk.    December 5, 1905. — April 2, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice,* Appeal.   *Frauds, Statute of,* Part performance of
oral contract.   *Equity Jurisdiction,* Specific performance.

In a suit in equity to enforce the specific performance of an oral promise to give
the plaintiff a lease in writing of certain real estate, where the defendant demurs
to the bill on the ground that the alleged contract is within the statute of frauds
and an interlocutory decree is made overruling the demurrer, if the defendant
does not appeal from this decree and does not set up the statute of frauds in his
answer or rely on it at the trial on the merits, he still under R. L. c. 159, § 26,
can rely on the defence of the statute on an appeal from a final decree for the
plaintiff, if it appears that on the evidence at the trial the statute is a bar to the
suit on the ground alleged in the demurrer.

A bill in equity to enforce the specific performance of an oral promise to give the
plaintiff a lease in writing of certain real estate alleged that the plaintiff was a
tailor who had been carrying on a large and lucrative business and that with
the expectation of receiving the lease promised by the defendant he gave up
valuable rights in his old place of business, took possession of the premises to
be leased, made extensive repairs upon them at great expense and moved his
business there.   *Held,* on demurrer, that the bill alleged a part performance by
the plaintiff which took the case out of the statute of frauds.

Equity will decree the specific performance of an oral contract to give a lease in
writing of certain real estate where the plaintiff can show a sufficient part
performance in reliance upon the contract to take the case out of the statute of
frauds.

HAMMOND, J.   This is a bill in equity to enforce the specific
performance of an oral promise to give a written lease of real
estate.   The bill sets out the promise and the consideration
therefor, and alleges partial performance on the part of the
plaintiff in reliance upon the promise.   The defendant de-
murred, one of the grounds of demurrer being that the contract
was within the statute of frauds.   The demurrer was overruled.
The defendant took no appeal from the order overruling the
demurrer, but filed his answer consisting for the most part of a
denial of the allegations of the bill as to the promise, yet not
setting up the statute of frauds.   At the trial upon the merits
he did not rely upon the statute as a ground of defence.   On
the contrary the only defence there set up was that the defend-

ant " never agreed or promised to give the plaintiff a lease or any lease." The judge found against the defendant on this issue, and a final decree for specific performance was made. The case is before us upon the appeal of the defendant from this decree.

The defendant contends that the statute of frauds is a bar to the bill. The plaintiff in reply urges that inasmuch as the defendant set up that ground of defence by demurrer and did not appeal from the order overruling the demurrer, and furthermore did not set up the defence either in his answer or at the trial, he must be held to have waived the benefit of the statute and cannot now invoke its aid; or, in other words, that the defendant's position is the same as if he had not demurred at all and neither in his answer nor at the hearing had set up the statute. This position is untenable.

The order overruling the demurrer was an interlocutory decree. R. L. c. 159, § 26, provides that "interlocutory decrees which are not appealed from shall be open to revision upon appeals from final decrees, so far only as it appears to the full court that such final decrees are erroneously affected thereby." If the demurrer should have been sustained for the reason that the bill upon its face stated a case within the statute, then the final decree which ordered a specific performance also was erroneous, if it appears that upon the evidence at the trial upon the merits the statute was a bar to the suit. Under such circumstances the error is common both to the interlocutory decree and to the final decree; and the latter is erroneously affected by the former. The present case comes within R. L. c. 159, § 26, and the correctness of the ruling upon the demurrer, so far as respects the statute of frauds as a ground of defence, is before us upon an appeal from the final decree so far as this ground of defence is involved in the final decree. *Smith* v. *Townsend*, 109 Mass. 500. *Parker* v. *Flagg*, 127 Mass. 28. *Burnett* v. *Commonwealth*, 169 Mass. 417. *Cawley* v. *Jean*, 189 Mass. 220.

The bill sets out in substance that the defendant orally agreed to give the plaintiff a written lease of certain real estate. The oral contract is plainly within the statute of frauds. But to meet the anticipated defence under the statute the bill further alleges that the plaintiff, who for many years has been carrying

on a large and lucrative business as a tailor, relying upon the contract and "with the expectation of receiving a lease and acting under the agreement and inducements of the defendant, gave up valuable rights" in his old place of business, and "with the knowledge and consent of the defendant, and acting under the agreement and representations of the defendant," took possession of the leased premises, made extensive alterations therein at large expense, and moved his business thereto; and further, that the failure of the defendant to keep his contract and give the lease agreed upon will work great and irreparable injury to the plaintiff, "without adequate remedy at law." The plaintiff manifestly relies upon this part performance.

The ground upon which part performance is held to afford ground for relief in equity is stated thus by Wells, J. in *Glass* v. *Hulbert*, 102 Mass. 24, 35: "The fraud most commonly treated as taking an agreement out of the statute of frauds is that which consists in setting up the statute against its performance, after the other party has been induced to make expenditures, or a change of situation in regard to the subject matter of the agreement, or upon the supposition that it was to be carried into execution, and the assumption of rights thereby to be acquired; so that the refusal to complete the execution of the agreement is not merely a denial of rights which it was intended to confer, but the infliction of an unjust and unconscientious injury and loss. In such case, the party is held, by force of his acts or silent acquiescence, which have misled the other to his harm, to be estopped from setting up the statute of frauds." The bill states a case well within these principles, and the demurrer was rightly overruled.

The evidence taken at the trial is not before us. From the memorandum of the justice who heard the case, and from the language of the decree, we understand that he found the facts as to part performance to be substantially as alleged in the bill. At any rate we cannot say that the evidence did not sustain those allegations.

The defendant contends that the plaintiff was to have the premises solely for the purpose of carrying on the business of a tailor, while the form of lease prescribed in the final decree permits him to carry on the business of a tailor and clothes cleaner,

and it is urged that this difference is very material. But the bill does not either in express language or by necessary implication show that the plaintiff was to use the premises solely for the tailoring business. At any rate the evidence produced at the trial is not before us, and we cannot say upon this record that the decree in this respect should be changed.

The decree conforms to the general framework of the bill, and is sufficiently supported by the facts found by the court.

*Decree affirmed.*

*N. Barnett,* for the plaintiff.
*B. R. Wilson,* for the defendant.