GEORGE C. MILLER *vs.* DON W. BURT & another.

Franklin. September 17, 1907. — October 16, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Frauds, Statute of.*

A memorandum of a contract for the sale of land which does not describe or identify the land intended to be conveyed, where it does not appear that such land is the only land owned by the party to be charged, does not satisfy the statute of frauds, and, if there has been no such part performance or fraud as to take the case out of the statute, the contract cannot be enforced if the statute is pleaded.

BILL IN EQUITY inserted in a common law writ dated March 26, 1907, to compel the specific performance of an agreement to convey a parcel of land in the town of Charlemont.

There was no allegation in the bill that the alleged contract of the defendant to convey the land was in writing.

The copy of the alleged memorandum annexed to the bill was as follows :

"Zoar, Mass. Feb 26, 1907

"Received of A. F. Truesdell ten dollars in part payment on lot sold to him he to pay balance, forty dollars on delivery of the deed

"D. W. Burt."

It was alleged in the bill that Adelbert F. Truesdell, of that part of the town of Charlemont called Zoar, was the agent of the plaintiff for the purchase of the parcel of land in question.

The defendant demurred and in his demurrer set up the statute of frauds.

In the Superior Court, *Hitchcock,* J., sustained the demurrer on the ground that the memorandum of which a copy was annexed to the bill was not a sufficient compliance with the requirements of R. L. c. 74, § 1. He ordered that the bill be dismissed with costs for the defendant; and such a decree was entered, from which the plaintiff appealed.

*H. E. Adams,* (*H. Sherman* with him,) for the plaintiff.

*W. A. Davenport,* for the defendant, was not called upon.

SHELDON, J. The demurrer rightly was sustained; and, as the plaintiff apparently did not desire to make any amendment, the bill properly was dismissed.

1. It is abundantly settled by the decisions of this court that the memorandum signed by the defendant was not sufficient to take the case out of the statute of frauds. It utterly failed to describe or identify in any manner, or by any reference, the land intended to be conveyed. *Whelan* v. *Sullivan,* 102 Mass. 204. There was no such fraud or part performance averred as would entitle the plaintiff to avoid the statutory bar. *Glass* v. *Hulbert,* 102 Mass. 24. *Harrell* v. *Sonnabend,* 191 Mass. 310. Nor was there any averment that the land which was the subject of the bargain was the only land owned by the defendant, so as to bring

the case within the rule stated in *Doherty* v. *Hill*, 144 Mass. 465, 467. See the cases there cited.

2. It sufficiently appears by the bill that the agreement between the parties was an oral one, and that no written memorandum except the one annexed to the bill was relied on by the plaintiff. This affords ground for demurrer in equity. *Campbell* v. *Brown*, 129 Mass. 23. *Ahrend* v. *Odiorne*, 118 Mass. 261. It may be that if there had been no demurrer and if the statute of frauds had been set up in avoidance of the action (see *Harrell* v. *Sonnabend*, 191 Mass. 310; *Livingston* v. *Murphy*, 187 Mass. 315, 318), the plaintiff might have put in oral evidence to show that the defendant owned no other land than that bargained for; but no such case is now before us.

The decree sustaining the demurrer and dismissing the bill must be affirmed.

*So ordered.*