WILLIAM HARRIGAN *vs.* EBEN DODGE.

Essex.    November 5, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Equity Jurisdiction*, Specific performance. *Frauds, Statute of. Equity Pleading and Practice*, Bill.

It is not necessary for the plaintiff in a bill in equity, seeking specific performance of an agreement by the defendant to convey certain real estate to him, to allege that the defendant owned the real estate which he had agreed to convey.

A bill in equity, for the specific performance of an alleged agreement by the defendant to convey to the plaintiff certain real estate described at length in the bill, set forth as memoranda of the agreement two receipts, one signed by an agent of the defendant for $100 " on account of sale of the three houses belong-

ing to the F. D. estate in Danvers," and the other signed by the defendant for $25 " on acct. of sale of the three houses & land that rightfully belongs thereto, in Danvers, belonging to the Dodge estate." There was no allegation that the three houses referred to in the memoranda were the only ones owned by the F. D. estate in Danvers. The defendant demurred on the ground that the memoranda were not sufficient to satisfy the statute of frauds, R. L. c. 74, § 1, cl. 4, the demurrer was sustained and the plaintiff appealed. *Held,* that the demurrer was sustained rightly, since the descriptions contained in the memoranda were not sufficiently definite and there was no allegation in the bill to make them more so.

BILL IN EQUITY, filed in the Superior Court for the county of Essex on June 13, 1907, seeking specific performance of an alleged agreement to convey certain real estate.

The defendant demurred, alleging the grounds for demurrer stated in the opinion. *Crosby,* J., sustained the demurrer and dismissed the bill. The plaintiff appealed.

The facts alleged in the bill are stated in the opinion.

*D. N. Crowley,* for the plaintiff.

*F. L. Evans & J. F. Quinn,* for the defendant, submitted a brief.

RUGG, J. This is a bill in equity brought to compel the defendant to convey a certain tract of land in Danvers. It alleges that the plaintiff entered into a contract with the defendant, through his agents, Allen and Tebbetts, to buy certain land described at length in the bill, and that a memorandum thereof in writing was signed as follows: " Received from one William Harrigan One Hundred Dollars on account of sale of the three houses belonging to the Frances Dodge estate in Danvers. $100    Allen & Tebbetts," and another memorandum of the tenor following: " Received of A. G. Allen twenty-five dollars ($25.00) on acct. of sale of the three houses & land that rightfully belongs thereto, in Danvers, belonging to the Dodge estate. Eben Dodge, Agent." There are further sufficient averments as to the precise price to be paid and the plaintiff's readiness to pay and refusal of defendant to deliver a deed. The defendant demurs on the grounds, first, that the bill sets forth no sufficient memorandum signed by him to satisfy the statute of frauds; and, second, that the bill does not allege that the defendant is the owner of the premises.

The second ground of demurrer may be briefly disposed of, for the reason that such an allegation is unnecessary. The defendant may have made a contract, by which he became liable to this suit, without having been the owner of the real estate.

It is matter of defense to the prayer for specific performance, if he is unable to perform his contract on account of lack of ownership, and not a fatal defect apparent upon the statement of the plaintiff's claim.

The first ground of demurrer raises chiefly a question of pleading. The descriptions contained in the two memoranda may or may not turn out to be sufficient to point to any particular houses. Standing alone without further allegations, they are equivocal. The purpose of the statute of frauds in this regard requires the memorandum to contain a description of the land sufficient for purposes of identification, when read in the light of all the circumstances of ownership of the property by the vendor. These memoranda might be sufficient if three houses and the land within their several curtilages were the only real estate owned by the Frances Dodge estate in Danvers. If, however, it should appear that the Dodge estate owned more than three houses in Danvers, then the description contained in the two writings is not enough to satisfy the statute of frauds. *Whelan* v. *Sullivan*, 102 Mass. 204. *Clark* v. *Chamberlin*, 112 Mass. 19. *Doherty* v. *Hill*, 144 Mass. 465. All these attendant circumstances may be shown outside the writing and by parol for the purpose of interpreting and applying the memorandum. *Mead* v. *Parker*, 115 Mass. 413. The question presented here is one of pleading, and not what might be sufficient after verdict in view of identifying evidence. The writings themselves being not certain on their face, and being open to the possibility of becoming wholly indefinite, it was necessary for the plaintiff to allege facts sufficient to state a case clearly, which called for specific performance, by setting out in substance that the three houses referred to in the writings were the only ones owned by the Dodge estate in the town. Having failed to do this, the demurrer was properly sustained. The case is governed by *Miller* v. *Burt*, 196 Mass. 395. It is plainly distinguishable from *Slater* v. *Smith*, 117 Mass. 96, relied upon by the plaintiff, in that the memorandum under discussion in the latter case by definite and clear physical and financial ear marks identified the houses. The decree sustaining the demurrer and dismissing the bill must be affirmed.

*So ordered.*