ROBERT S. BRADLEY *vs.* MARY E. HAVEN & another, trustees.

Suffolk.     January 18, 1911. — March 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Contract,* What constitutes.     *Statute of Frauds.     Agency.*

In a suit in equity against the owner of certain real estate for the specific perform-
ance of an alleged agreement of the defendant to sell the property to the plain-
tiff, the following facts appeared : An agent of the defendant offered the property
to the plaintiff for a certain price in a letter which contained no reference to any
rights of way. The plaintiff replied by the following telegram : "Letter re-
ceived Close deal understand Rights of way are included as we talked." Reply-
ing to the telegram the agent wrote, in a letter dated on a September 2 but not
received by the plaintiff until September 3, "The matter is closed and the rights
of way, as I understand, are included as we talked over." On September 2, by
a letter received by the plaintiff on the same day, the defendant declined to sell
the property. There was no evidence to show that the agent's letter of Septem-
ber 2 was mailed before the plaintiff received the defendant's letter of that date.
*Held,* that the plaintiff's telegram was not an acceptance of the offer of the
agent, but was a counter offer, and that it did not appear that the acceptance
by the agent of the counter offer was made before the defendant had declined
to sell, and therefore that on that ground the suit properly might be dismissed.
In a suit in equity against the owner of certain real estate called " the marsh " for the
specific performance of an alleged agreement of the defendant to sell the property
to the plaintiff, the following facts appeared : An agent of the defendant offered
the property to the plaintiff for a certain price in a letter which contained no ref-
erence to any rights of way. The plaintiff replied by the following telegram :
" Letter received Close deal understand Rights of way are included as we talked."
Replying to the telegram the agent wrote : " The matter is closed and the rights
of way, as I understand, are included as we talked over." The " rights of way "
constituted an important part of the property being purchased. On evidence
which warranted the findings, the justice who heard the case found that, while
it was possible to ascertain by oral evidence what was meant by the " rights of
way " referred to, it was not possible to ascertain by any other means, that " no
rights of way had become so connected with the marsh as to have acquired a
definite meaning," and that " this language was not employed by the parties to
designate rights of way in a technical sense, but to indicate the fee of certain
land outside the marsh subject to rights of passage owned by other people."
*Held,* that there was no sufficient memorandum under the statute of frauds, R. L.
c. 74, § 1, cl. 4, as to the rights of way ; and therefore that the suit must be
dismissed.

MORTON, J. This is a bill to compel the specific performance of a contract alleged to have been entered into by the defendants as trustees, with the plaintiff, for the sale and conveyance by them to him of a tract of land in Beverly, and also of the fee in certain private roads or rights of ways. There was a decree dismissing the bill with costs, and the plaintiff appealed. The evidence is all before us.

As the result of previous negotiations and interviews between the plaintiff and one Boardman who was, as the single justice * found, the duly authorized agent of the defendants, Boardman wrote to the plaintiff on August 28, 1908, offering to deed to him for $70,000 a tract of land in Beverly belonging to the defendants as trustees and described in the letter as " the marsh." No mention was made in the letter of any rights of way. The plaintiff replied to this letter the next day, August 29, by telegram saying, " Letter received Close deal understand Rights of way are included as we talked." Under date of September 2 Boardman wrote to the plaintiff saying amongst other things, " The matter is closed and the rights of way, as I understand, are included as we talked over." This letter was not received by the plaintiff until some time on September 3, nor until after he had received from one of the defendants, Miss Mary E. Haven, in the evening of September 2, a letter sent by her to him on that day, declining to sell the property. The single justice was unable to find when the letter from Boardman to the plaintiff under date of September 2 was put in the mail, and there is nothing in the evidence by which that can be determined. For aught that appears it may not have been mailed until after the plaintiff had received the letter sent by the defendant Mary E. Haven declining to sell. So far therefore as the plaintiff relies upon the acceptance by Boardman of his telegram in reply to Boardman's letter to him as constituting a written contract for the sale and purchase of the marsh and the rights of way, he fails to show that there was such acceptance before the authority of the agent in regard to the matter had been terminated by the letter sent to him by Miss Haven declining to sell. His telegram cannot be construed as an unqualified and unconditional

---

* *Rugg, J.*

acceptance of the offer contained in the letter, but rather as in the nature of a counter offer. The offer in the letter was an offer of the marsh for $70,000. Nothing was said, as already observed, about any rights of way. His acceptance was not of that offer pure and simple, but was coupled with the inclusion in the trade of certain rights of way, meaning the fee therein, but for which, as he himself testified, he would not have been willing to pay the price demanded. Until therefore there was an acceptance by the defendants or their duly authorized agent of the plaintiff's counter proposition no written agreement was entered into. The burden of proof was on the plaintiff to show such an acceptance which, as we have said, he failed to do, and the case might well be disposed of on that ground.

But we also think that there was no sufficient memorandum in writing to bring the case within the statute of frauds. The single justice found that the tract known as " the marsh " was ascertainable and was commonly known by that name. But he found in effect that while it was possible to ascertain by oral evidence what was meant by the " rights of way " referred to, it was not possible to ascertain in any other way what was meant by that phrase. He also found that " no rights of way had become so connected with the marsh as to have acquired a definite meaning," and that " this language was not employed by the parties to designate rights of way in a technical sense, but to indicate the fee of certain land outside the marsh subject to rights of passage owned by other people." These findings were well warranted by the evidence, and it follows that while the description of the marsh land as " the marsh " would have been sufficient to warrant a decree in the plaintiff's favor if the trade had been confined to that, there is no sufficient memorandum in regard to the rights of way which constituted an important part of the property which the plaintiff was purchasing, and of which he seeks to compel a conveyance. The statute of frauds requires that the memorandum should " contain a description of the land sufficient for purposes of identification, when read in the light of all the circumstances of ownership of the property by the vendor." *Harrigan* v. *Dodge*, 200 Mass. 357, 359. *Doherty* v. *Hill*, 144 Mass. 465. *Clark* v. *Chamberlin*, 112 Mass. 19. *Whelan* v. *Sullivan*, 102 Mass. 204. In

the present case there was nothing in any memorandum by which the rights of way intended to be referred to could be identified, and it is well settled that " Parol testimony of a previous oral agreement, which is the only means of identification referred to in the memorandum, cannot be taken into consideration to complete it." *Whelan* v. *Sullivan, supra,* p. 206. *Waterman* v. *Meigs,* 4 Cush. 497. If the ways had constituted a part of the marsh either by reason of their use in connection with it or the configuration of the land, or for any other reason, and it was commonly so known and understood, oral evidence of those facts would have been competent because it would have tended to identify the tract described in the memorandum, and when so identified the description in the memorandum would have applied to it and would have been sufficient and would have included whatever was comprised in " the marsh." But as already observed, the single justice found that no rights of way had become connected with the marsh and that those words were used not in a technical sense, but to indicate the fee in lands outside the marsh. It follows that they were not included in the description of the tract as the marsh, and that there was therefore no sufficient memorandum of them in writing.

There is nothing, we think, in any of the subsequent correspondence on the part of Mr. Minot * which helps the plaintiff. Oral testimony would still be required to show what rights of way were referred to in the memorandum relied upon, even if we assume without deciding that the correspondence could be resorted to for the purpose of helping to identify the land described in the memorandum. Whether it is true, as contended by the defendants, that separate writings can be resorted to only so far as they appear to have relation to the same contract (as to

---

* After the plaintiff received on September 2, 1908, the letter from Miss Haven above referred to, the plaintiff wrote to her some letters, which she referred to Robert S. Minot, Esquire, giving him power of attorney in the matter. Mr. Minot thereupon wrote to the plaintiff a letter which contained a definite description of " the marsh " by metes and bounds, and, enclosed with it, memoranda as to certain rights of way and of boating and bathing in connection therewith and as to certain restrictions, subject to which the owners would sell, and also a plan of the locus. The letter did not admit that a binding contract had been made.

which see *Freeland* v. *Ritz*, 154 Mass. 257, and *Williams* v. *Smith*, 161 Mass. 248), it is not necessary to consider.

*Decree affirmed with costs.*

*R. B. Stone*, (*R. Stone* with him,) for the plaintiff.
*H. Parker*, (*H. H. Fuller* with him,) for the defendants.