# CHARLESTON.

FLORENCE BARTLETT *et als.* v. ELIZABETH JOHNSON.

Submitted September 7, 1921.     Decided September 13, 1921.

1. VENDOR AND PURCHASER—*Presumption that Vendor Owning but One House and Lot in a Town Intended to sell Only That Which he Owned.*

There is a presumption that a vendor of real estate intends to sell that which he owns, and where a contract for the sale of real estate describes the subject matter of the sale as a house and lot situate in a certain town, and the vendor owns but one house and lot situate in the town mentioned, the contract will be construed as referring thereto. (p. 46).

2. SPECIFIC PERFORMANCE—*Laches will Not Prevail Where Purchaser Holds Possession From Date of Sale Until Suit.*

The defense of laches will not prevail in a suit for specific performance of a contract for the sale of real estate, where the vendee holds the possession thereof from the date of the sale until the institution of the suit by him for the extraction of the legal title, even though many years may have elapsed between the making of the contract and the institution of the suit. (p. 48).

Case Certified from Circuit Court, Barbour County.

Bill for the specific performance by Florence Bartlett and

others against Elizabeth Johnson. Demurrer to bill over-ruled and case certified.

*Affirmed.*

*George & Wilcox,* for plaintiffs.
*J. Blackburn Ware,* for defendant.

RITZ, PRESIDENT:

The circuit court of Barbour county having overruled a demurrer to the plaintiffs' bill for specific performance of a contract for the sale of real estate, certifies to this court the questions arising upon said demurrer.

On the 15th of June, 1907, the plaintiffs' ancestor W. J. Bartlett purchased from Simon Johnson a house and lot in North Philippi, and on that date said Simon Johnson executed and delivered to the ancestor of the plaintiffs a contract or memorandum of the sale in the following words and figures: "This contract *maid* this 15th day of June, 1907, by & *between* Simon Johnson of the first part & W. J. Bartlette of the second part *sole* a lot and house in North Philippi for One Thousand dollars paid in hand retains this property as long as I live.   Simon Johnson." The bill alleges that W. J. Bartlett was at the time of the sale in possesion of the house and lot purchased from said Johnson, and that he remained in the possession thereof until his death, and that since his death his widow and heirs-at law, the plaintiffs in this suit, have remained in the possession of the house upon said premises; that the said Simon Johnson at the time of said sale owned no other house and lot in North Philippi than the one which this suit seeks to have conveyed to the plaintiffs, and that the defendant Elizabeth Johnson is the widow and sole devisee of the said Simon Johnson, he having departed this life.

The demurrer to the bill is based upon two grounds: the first being that the contract of sale is too indefinite to be enforced, there being no sufficient designation therein of the property sold by Johnson to Bartlett; and second, that the plaintiffs are barred from maintaining this suit by laches.

It is true the contract of sale is rather indefinite so far

as the subject matter is concerned. It purports to sell a lot and house in North Philippi, and recites the consideration, and that the same has been paid. Can resort be had to extraneous evidence in order to identify the subject matter of the contract? It is averred in the bill that the vendor had but one house and lot in North Philippi, and it is insisted that there is a presumption that he intended to sell that which he owned. If it is true that it may be presumed that the vendor intended to sell his own property, then there existed but one subject-matter to which the contract could be applied, and that is the house and lot in North Philippi claimed by the plaintiffs. There is no doubt but that resort may be had to evidence outside of the contract itself in order to establish the identity of the subject matter of the contract. In other words, if there is anything in the contract which directs inquiry in a particular way for the purpose of identifying the subject, this direction will be followed. Now it is quite clear that if the contract had said "my house in North Philippi" there would have been no trouble in ascertaining the subject matter of the contract, provided the vendor had but one house in North Philippi. Of course, if upon investigation it is found that he owned two houses and lots, or a half dozen houses and lots in North Philippi, then it might be impossible to apply the contract to any particular house and lot, but if such an inquiry had developed the fact that he was the owner of but one such house and lot, by the uniform trend of authorities the contract would be applied to that house and lot. In this case, however, the contract does not designate it as "my house and lot," but simply "a house and lot in North Philippi." It must be borne in mind in construing this contract, as well as all other contracts, that the purpose of the courts is to give them effect, if that may be done. There is no doubt but that Johnson intended to sell a house and lot in North Philippi to Bartlett, and we see no difficulty in reaching the conclusion that this intention to sell applied to the house and lot that he owned. It surely could not be assumed that he intended to sell a house and lot that he did not own and had no interest in. The pre-

sumption is that people are honest and intend to give value for what they get. Indulging this presumption the contract then stands just as if written "my house and lot in North Philippi," and if by going to North Philippi it is found, as alleged in the bill, that the vendor owned but one house and lot there, then this is the house and lot intended. Of course, if there were more than one house and lot in North Philippi belonging to the vendor this would render the description ambiguous, and might render the contract invalid, but in this case we have the allegation that Johnson owned but one house and lot in North Philippi, and this being true we are constrained to hold that this was the property referred to in the contract aforesaid. The doctrine that there is a presumption that the vendor of real estate intends to sell property owned by him is but another way of stating that there is a presumption that parties will deal honestly with each other, and that one who purports to sell property is the owner of it, and this presumption is resorted to, in order that effect may be given to their contracts rather than to deprive them of the force which the parties intended them to have. 1 Jones on Law of Real Property in Conveyancing, § 347; *Hurley* v. *Brown,* 98 Mass. 545, 96 Am. Dec. 671; *Mead* v. *Parker,* 115 Mass. 413; *Fish* v. *Hubbard,* 21 Wend. 651. If the allegation of the bill that Johnson owned but one house and lot in North Philippi is true, and on this demurrer we must concede the truth of it, then there was but one subject matter to which this contract could be applied after indulging the presumption that he intended to sell that of which he was the owner.

The contention that plaintiffs are barred from maintaining this suit by laches is not tenable. It is averred that they are in possession of the property, and that they and their ancestor have had such possession ever since the contract of sale sought to be enforced. They were under no obligation to take any action so long as their possession was undisturbed, and their rights unquestioned. This doctrine is fully sustained by the case of *Mills* v. *McLanahan,* 70 W. Va. 288, and the authorities there cited.

The demurrer to the bill was properly overruled, and the questions certified are answered accordingly.

*Affirmed.*