HARRIET MICHELSON *vs.* JAMES E. SHERMAN & another.

Suffolk. May 14, 1941. — February 2, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Frauds, Statute of. Contract,* Sale of real estate.

A memorandum respecting a sale of land, signed in behalf of one Sherman, owner of a tract of land of twenty-three thousand square feet, and describing the land to be sold as "Sherman property with 11,000 or more sq. feet" having a certain number on a certain street, where there was nothing in the memorandum to indicate the location of the boundary line between that part of the tract intended to be sold and that to be retained, and no evidence that any particular part of the larger tract was commonly known as "Sherman property," did not contain a sufficiently definite description of the land to be sold to satisfy the requirements of the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth.

The statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, was a defence to a suit for specific performance of an oral contract for the sale of land where the owner gave a memorandum thereof which was deficient in description of the land in that it did not show the boundary between the land sold and the portion of the tract retained by the owner, although in their oral agreement the parties had defined that boundary and it was the "natural and obvious" division of the land.

BILL IN EQUITY, filed in the Superior Court on October 11, 1940.

The suit was heard by *Buttrick,* J. The defendants appealed from the final decree.

*B. Ginsburg,* (*W. E. Ginsburg* with him,) for the defendants.

*M. Michelson,* for the plaintiff.

DONAHUE, J. The plaintiff has brought this bill in equity for the specific performance of an oral contract of the defendants to convey to her a parcel of land with a dwelling house and a garage thereon. The case was tried before a judge of the Superior Court, and the evidence is reported. The judge made a finding of facts, and ordered the entry of a final decree which required the defendants to convey the premises in question to the plaintiff.

The judge made the following findings of fact. One Drake, who "was the duly authorized agent of the two respondents . . . as such agent entered into an oral agreement with the plaintiff to sell to her a house, garage, and a lot of land of approximately 11,000 square feet on Eliot Memorial Road in Newton standing in the name" of the female defendant, for the sum of $3,500. Before the oral agreement of sale was made, Drake and the plaintiff met on the premises and agreed "that the boundary line between the land with the house and garage to be conveyed . . . and the vacant lot to be retained by the defendants was to run from the rear of the lot just outside the overhang of the roof of the garage and then along a row of willow trees on the easterly side of the driveway which leads to the garage out to Eliot Memorial Road. A view of the premises shows that to be the natural and obvious division of the land. The land had not been surveyed either by the plaintiff or the defendants and none of them knew the number of square feet in the lot containing house or in the vacant lot. Their estimate of feet was only an estimate. The overhang of the garage and the willow trees were the monuments which were intended to fix the boundary."

Following the meeting of Drake and the plaintiff on the premises, an oral contract of purchase and sale was made, and thereafter Drake gave to the plaintiff a writing, signed by him, which read as follows: "$200.00   Newton, Mass., Sept. 17, '40   Received of Harriet S. Michelson, Tr. check for $200.00 as a deposit on acct. of agreed cash price of $3,500. for Sherman property with 11,000 or more sq. feet of land on Eliot Memorial Drive and numbered 15 Eliot Memorial Drive, Newton."

However plain and complete the terms of an oral contract for the sale and purchase of real estate, it cannot be enforced against a party thereto unless, as required by the statute of frauds, he, or his agent, has signed a written memorandum which recites the essential elements of the contract with reasonable certainty. G. L. (Ter. Ed.) c. 259, § 1, Fourth. *Riley* v. *Farnsworth*, 116 Mass. 223, 225. *Gardner* v. *Hazelton*, 121 Mass. 494, 495. *Des Brisay* v.

*Foss*, 264 Mass. 102, 109.  *Williams* v. *Commercial Trust Co.* 276 Mass. 508, 517.  Am. Law Inst. Restatement; Contracts, § 207, Comment (a).  The defendants in the present case have pleaded the statute of frauds, and the burden was on the plaintiff to prove that the memorandum of the oral contract above set forth complied with the requirements of the statute.  *Beaver* v. *Raytheon Manuf. Co.* 299 Mass. 218.  The memorandum was not insufficient to satisfy the requirements of the statute because the time for the performance of the oral contract was not stated therein (*Nickerson* v. *Bridges*, 216 Mass. 416, 420), or because the defendants' agent signed his own name to the memorandum (*Record* v. *Littlefield*, 218 Mass. 483, 485).  The question here to be considered is whether the description of the premises sold, as set out in the memorandum, is sufficiently definite to satisfy the requirements of the statute of frauds.

When a seller of land owns only one estate which answers the description given in a memorandum, that must be taken to be the estate to which the memorandum refers, and a memorandum that contains only a slight description of such an estate will satisfy the requirements of the statute of frauds.  *Hurley* v. *Brown*, 98 Mass. 545, 548.  *Mead* v. *Parker*, 115 Mass. 413, 414.  *Scanlan* v. *Geddes*, 112 Mass. 15, 17.  The description in a memorandum by the name by which an estate is commonly known in the community where it is located may meet the purposes of the statute.  *Ryder* v. *Loomis*, 161 Mass. 161.  *Bradley* v. *Haven*, 208 Mass. 300, 302.  *Noyes* v. *Bragg*, 220 Mass. 106, 110.  Where the words of a memorandum show on their face that they may be applicable either to one estate only, or to more than one estate, if, "on the existing facts, they apply only to one, then the document identifies the land; if not, it fails to do so.  In every case, the words used must be translated into things and facts by parol evidence.  But if, when so translated, they do not 'identify the estate intended, as the only one which would satisfy the description,' they do not satisfy the statute."  *Doherty* v. *Hill*, 144 Mass. 465, 468. *Miller* v. *Burt*, 196 Mass. 395, 396.  *Harrigan* v. *Dodge*, 200 Mass. 357, 359.

The memorandum in the present case describes the real estate sold as "Sherman property with 11,000 or more sq. feet of land on Eliot Memorial Drive and numbered 15 Eliot Memorial Drive, Newton." The memorandum does not state — what was the fact — that the land sold was part of a tract of land owned by the defendants, including over twenty-three thousand square feet, and there is nothing in the memorandum to indicate the location of the boundary line between the land sold and the land retained by the defendants. There was no evidence that the land sold or the whole tract was commonly known as "Sherman property." There is no reference in the memorandum to the location of any buildings, or of any boundary line except that one boundary was the street, and the length of that boundary is not stated. While the memorandum says that the lot sold contained "11,000 or more sq. feet" of land, according to the plaintiff's present contention there were about fourteen thousand square feet in the lot.

The judge found that the parties in their oral contract agreed as to the location of the boundary line between the land sold and the land retained by the defendants. The vital question here presented is not what the parties agreed to in their oral contract, but whether the content of the memorandum, signed by the defendants' agent, satisfies the requirements of the statute of frauds. Resort cannot be had to the terms of an oral contract for the sale of land to supply deficiencies in a memorandum. *Whelan* v. *Sullivan*, 102 Mass. 204, 206. The policy of the statute is that the essentials of an oral contract for the sale of land must be stated with reasonable certainty in a written memorandum. *Dutton* v. *Bennett*, 256 Mass. 397, 403. Oral evidence is admissible but only to interpret and apply the language of the memorandum in order to ascertain the meaning of the words there used. *Harrigan* v. *Dodge*, 200 Mass. 357, 359. *Mead* v. *Parker*, 115 Mass. 413, 415.

The location of the boundary line between the land sold and the land kept by the defendants was an essential element of the oral contract. But no reference whatever to the location of the boundary line appears in the memoran-

dum, and the only description therein of the quantity of land sold was that it consisted of "11000 or more square feet." Interpreting the scanty language of the memorandum in the light of the physical features of the land and the facts surrounding the parties at the time the memorandum was signed, we are of the opinion that the boundaries of the land sold cannot be identified with sufficient accuracy. In order to satisfy the requirements of the statute the memorandum must contain a description of the land sold that applies to one parcel of land only. *Scanlan* v. *Geddes,* 112 Mass. 15, 17. *Doherty* v. *Hill,* 144 Mass. 465, 468, 469. *Harrigan* v. *Dodge,* 200 Mass. 357, 359. *Desmarais* v. *Taft,* 210 Mass. 560, 561, 562. *Danforth* v. *Chandler,* 237 Mass. 518, 521. The memorandum signed by the defendants' agent was not such a memorandum. Its language would fit other parcels of land than the one for which the plaintiff contends. Although the judge, after taking a view, found that the boundary line agreed to by the parties in their oral contract was "the natural and obvious division of the land," the memorandum did not meet the requirements of the statute of frauds. The description in the memorandum of the land sold was applicable to more than one parcel of land owned by the defendants.

*Decree reversed.*
*Bill dismissed with costs.*