## Marion H. Cazier, Appellee, v. William L. Mohr, Appellant.

### Gen. No. 20,842.

1. SPECIFIC PERFORMANCE, § 93*—*when decree for simultaneous performance proper.* In a bill for the specific performance of a contract for the exchange of shares of stock, where it appears that complainant has performed in part, and offers in his bill fully to perform on performance by defendant, a decree that both complainant and defendant simultaneously perform is not open to reasonable objection.

2. SPECIFIC PERFORMANCE, § 46*—*when performance of contract for delivery of stock not specifically decreed.* Equity will not decree the specific performance of a contract for the delivery of stock which is easily obtainable in the market and where there appears to be no particular reason why vendee should have the particular stock contracted for, and will leave vendee to his action at law.

3. SPECIFIC PERFORMANCE, § 46*—*when specific performance of contract for delivery of stock decreed.* Equity will decree specific performance of a contract for the delivery of stock whose value is not easily ascertainable, or is not readily obtainable or the delivery of which is required by vendee for some particular and reasonable cause.

4. SPECIFIC PERFORMANCE, § 4*—*when no adequate remedy at law exists for breach of contract to deliver stock.* In a bill for specific performance of a contract for the delivery of stock, an objection that complainant has a complete remedy at law has no application where it appears that the stock contracted for is not obtainable in the market, and that no means exist for ascertaining its market or cash value.

5. SPECIFIC PERFORMANCE, § 77*—*when inability of defendant to perform must be pleaded and proved.* In a bill for specific performance, the inability of defendant to perform is a matter of affirmative defense, which must be both pleaded and proved.

6. SPECIFIC PERFORMANCE, § 93*—*when decree requiring delivery of stock not objectionable.* In a bill for specific performance of a contract to deliver stock, a decree requiring defendant to deliver certain shares of stock is not objectionable as requiring defendant to deliver stock which he does not own or control where defendant's pleadings nowhere allege that he does not own or control such stock, and where defendant's testimony does not show that he is unable to comply with the decree.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. APPEAL AND ERROR, § 1396*—*when findings of chancellor not set aside on review.* In a bill in equity where the evidence is conflicting, the findings of the chancellor will not be set aside on review unless clearly and manifestly against the weight of the evidence.

8. SPECIFIC PERFORMANCE, § 91*—*when evidence sufficient to sustain finding.* In a bill for the specific performance of a contract to deliver stock, where the evidence was conflicting, a finding in favor of complainant *held* not manifestly against the weight of the evidence.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed January 27, 1916.

H. CLAY CALHOUN and BUNGE & HARBOUR, for appellant.

MATHER & HUTSON, for appellee; WILLIAM A. SHEEHAN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The bill in this case was filed by appellee against appellant. It prayed that a contract entered into between them be specifically performed. A decree was entered in accordance with the prayer of the bill, from which this appeal is prosecuted. The parties will be designated complainant and defendant as in the court below.

The bill sets up the contract *in haec verba.* The part of the contract involved in this case provides: That the complainant agrees to deliver to the defendant the entire capital stock (one hundred shares) of the Chicago Form Company, a corporation; that the defendant agrees to deliver to the complainant twenty shares of the capital stock of the Hincher Manufacturing Company of Indiana, and twenty shares of the capital stock of the W. L. Mohr Company; that each of said last mentioned corporations was then in the process

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of increasing its capital stock, and that said forty shares of stock was to be a part of such increase; that the complainant agrees to deliver to the defendant ninety-five shares of the said one hundred shares of stock of the Chicago Form Company upon the payment of a certain sum of money, and the remaining five shares of such stock within ninety days; that defendant agrees to deliver to the complainant said forty shares of stock "as soon as practicable and within ninety days." The bill further alleges that complainant assigned and delivered ninety-five shares of the capital stock of said Form Company to the defendant, and that he delivered the certificate representing the remaining five shares of said stock to the defendant, and was ready at all times to assign the same, requiring only that the defendant turn over said forty shares of stock to him; that more than ninety days have elapsed and the defendant neglects and refuses to deliver said stock to the complainant. The defendant answered the bill admitting the execution of the contract, and averring that the complainant had not yet assigned to the defendant all of the capital stock of the Form Company; that at the time of the making of the contract, there was another agreement entered into between the parties by the terms of which complainant agreed to act as manager of the Form Company for a period of two years; that the complainant proceeded to so act, but before the expiration of said period, abandoned, without cause, said Form Company and refused to act as its manager, and that the complainant's agreeing to so act was a part of the consideration of the contract mentioned and set forth in the bill. After replication filed, defendant, by leave of court, amended his answer, said amendment setting up that complainant had an adequate remedy at law. The complainant afterwards, by leave of court, amended his bill. The amendment averred

that the stock of the Hincher and Mohr companies, which was owned and controlled by the defendant, had no market value and was not obtainable in the market; that both companies were close corporations; that no stock had been sold for cash; that there was no means of ascertaining the actual value of the stock; that the complainant was desirous of obtaining the specific stock; that prior to the expiration of the ninety days mentioned in the contract, complainant offered to assign the certificate of the remaining five shares of stock of the Form Company to the defendant; that the defendant at that time told the complainant that the capital stock of the Hincher and Mohr companies had not been increased, and that it was therefore impossible to deliver to the complainant the forty shares of stock, and requested that the matter be held in abeyance; that after the expiration of said ninety days, the complainant on numerous occasions offered to assign the five shares of stock, but the defendant refused to deliver the forty shares of stock; that the defendant finally refused absolutely to deliver said forty shares of stock to the complainant, giving as a reason for such refusal that the complainant had severed his employment with the Form Company. Complainant further set up in the amendment that he was ready to assign the five shares of stock in the Form Company, provided the defendant would deliver said forty shares to him. The answer traverses the allegations of the amendment and avers that the complainant at no time offered the remaining five shares of stock in the Form Company to the defendant, and that complainant said he would never transfer the same until the defendant transferred said forty shares of stock.

The cause was heard in open court and a decree entered finding the material allegations of the bill as amended true. The decree also specifically finds that the complainant delivered to the defendant ninety-five shares of the capital stock of the Form Company;

that a certificate representing the remaining five shares was also delivered to the defendant, or left in the files of the Form Company, over which the defendant had control, but the complainant had not indorsed it; that stock in the Hincher and Mohr companies has no market value; that neither of said stock is obtainable in the market, and it cannot be ascertained what the cash value of either of said stock is; that within the period of ninety days mentioned in the contract, complainant offered to assign the remaining five shares of the capital stock of the Form Company; that the defendant was either unable or unwilling at that time to transfer to the complainant the stock in the Hincher and Mohr companies; that after the expiration of the said ninety days, the defendant refused to transfer such stock. It was decreed that the defendant delivered to the complainant the forty shares of stock; that, upon such delivery, complainant assign the certificate representing the remaining five shares of the capital stock of the Form Company. From the decree the defendant prosecutes this appeal.

The defendant's chief contention, and the burden of his argument, seems to be, as stated by him, that "one who seeks the aid of chancery to enforce the specific performance of a contract to which he is a party, must, before his becoming entitled to the relief sought, have done all that the contract involved imposes upon him; and for appellee to plead, or to say, as was done in the case at bar, that he would assign the remaining five shares of the capital stock of the Chicago Form Company to appellant, if appellant would assign to him, appellee, the forty shares of stock in the Hincher Manufacturing Company of Indiana and in the W. L. Mohr Company, is not doing equity. * * * Until appellee has assigned the remaining five shares of stock in the Chicago Form Company, how can he complain—how can he obtain the relief he seeks?"

The court decreed that the complainant assign the certificate of the remaining five shares of stock in the Form Company and that the defendant deliver the forty shares of stock in the Hincher and Mohr companies, and the assignment of the stock by the complainant and the delivery by the defendant of the forty shares to the complainant take place at one and the same time. No reasonable ground can be urged against this provision of the decree.

The defendant next contends that a court of equity will not specifically enforce a contract for the sale of personal property where there is a complete remedy at law for damages. While it is true that where stock contracted to be sold is easily obtained in the market and there is no particular reason why the vendee should have the particular stock contracted for, equity will not decree the specific performance of the contract, but will leave the party to his action at law for damages; yet where the value of the stock is not easily ascertainable, or the stock cannot be readily obtained elsewhere, or there is some particular and reasonable cause for the vendee's requiring the stock contracted for to be delivered, a court of equity will decree a specific performance of the contract and compel the delivery of the stock. 1 Cook on Corporations (6th Ed.) secs. 337, 338; *Hills v. McMunn,* 232 Ill. 488; *Ames v. Witbeck,* 179 Ill. 458. From the foregoing authorities, it clearly appears that the contention of the defendant is not applicable to the facts in the case at bar.

A further contention of the defendant is that the decree requires him to deliver to the complainant forty shares of stock which the evidence shows he does not own or control. If the defendant is unable to perform the contract which he entered into, such inability is a matter of defense which must be set up by the defendant in his pleadings and proved. *Davenport v.*

*Plano Implement Co.,* 70 Ill. App. 161; *Greenfield v. Carlton,* 30 Ark. 547; *Harrigan v. Dodge,* 200 Mass. 357·; *Borden v. Curtis,* 46 N. J. Eq. 468. Nowhere in the defendant's pleadings does he aver that the reason for his failure to deliver the forty shares of stock to the complainant was the fact that he did not own or control such stock. He, however, did testify concerning his interest in the Hincher and Mohr companies, but his testimony, which was the only evidence offered on this proposition, was far from satisfactory. Neither by his pleadings nor by the evidence has the defendant shown that he is unable to deliver the stock as the decree provides.

The defendant contends also that on the other matters in issue the evidence does not sustain the decree. There is some conflict in the testimony. The chancellor saw and heard the witnesses in open court, and found in favor of the complainant and against the defendant. Such finding will not be set aside in a court of review unless it is clearly and manifestly against the weight of the evidence. (*Hess v. Killebrew,* 209 Ill. 200; *Phelan v. Hyland,* 197 Ill. 395; *Delaney v. McNeil & Higgins Co.,* 195 Ill. App. 524.) This we are unable to say.

Finding no substantial error in the decree of the Superior Court, it will be affirmed.

*Affirmed.*