Jones, P. J.
This is an action of contract in which the plaintiff seeks to recover damages for breach of an alleged agreement to'Convey real estate.. The answer was general denial, setting up the statute of fraud in relation to the agreement.
■ The declaration was in two counts. The first count states that the plaintiff and defendant acting as administrator of the estate of Mary Luscomb entered into a written agreement for the purchase of certain real estate num *306 bered 16 Lewis Street, Lynn; that the plaintiff paid a de posit of fifty dollars to the defendant, his servant or agent; that the total price was to be two thousand and seventy-five dollars; that the plaintiff has been ready and willing to abide by his agreement, but that the defendant has refused to convey. - It-is sufficient to say about this count that the plaintiff failed to show that he had entered into any written agreement with the defendant. The alleged payment was in the form of a check for fifty dollars signed by the plaintiff, payable to George Graham, Administrator, and purporting on the face of it to be a deposit on property 16 Lewis Street, Lynn. It is sufficient to say about this check that a real estate agent acting for the defendant took the check in question and held it, and that while the check was being held the defendant himself never endorsed it and that the check remained in the agent’s hands. Upon these facts the finding was for the defendant as there was no evidence that any written agreement had been entered into between the parties.
Count 2 proceeds upon the theory that the plaintiff and defendant as administrator of the estate of Mary Luscomb entered into an agreement for the purchase of the property in question; that a deposit of fifty dollars was paid to the defendant his servant or agent; that the total purchase price was to be two thousand and seventy-five dollars. That the plaintiff proceeded to draw plans to remodel the property, engaging a contractor for said remodelling and incurred expense therefor- and in examination of title and has otherwise allegedly suffered substantial loss.
The trial judge upon the evidence could find and did find that the defendant is administrator of the estate of Mary J. Luscomb; that the defendant had a license to sell the interest of the estate of which he was administrator, and *307 also the total estate in question; that the plaintiff entered into an agreement with the real estate agent representing the. defendant, by the terms of which the plaintiff was to purchase and the defendant to sell for the sum of two thousand sejventy-ifive dollars the property in question; that the plaintiff turned over to said real estate agent a deposit which deposit was never physically taken by the defendant, but was held by his agent. The deposit was a check payable to the defendant’s order but never endorsed by him or by anyone in his behalf. The key of the building was given to the plaintiff, (but for what does not appear)' who had plans drawn costing twenty-five dollars for the remodelling of the buildings, negotiated a mortgage for forty-eight hundred dollars, on which he was to pay the aigent a commission of two per cent and engaged the services of an attorney to examine the title who made a charge of twenty dollars. The trial judge found that the plaintiff was in and about the premises all of two days; that no work was done in and about the premises by anyone in behalf of the plaintiff; that on March 24, 1936 it was agreed that the papers were to be passed on the following Friday or the first of the. following week, but that the middle of the following week the defendant secured a more advantageous offer and sold to the new customer. The trial judge found that the plaintiff was ready, willing and able to take title to the property and found on all the evidence that, there was an agreement made for the sale of said property but that the same was not signed by the defendant, a person to be charged as required; and further found that the turning over of a key by the real estate agent and the presence of the plaintiff on the property on and off for two days was not sufficient to take the case out of the statute of frauds and found that the defendant did not give ' actually, physical- and exclusive possessions at any time • *308 to the plaintiff; the court was unahle to find from the evidence that there was sufficient performance or change of situation to create an estoppel, and therefore found for the defendant.
Upon the facts stated we think the trial judge was justified in finding as he did.
The plaintiff claims that there was a sufficient part performance to take the case out of the statute of frauds; we think, however, that the trial judge was right.
The check given by the plaintiff to the defendant was never accepted by the defendant. He never put his signature on it. If he had, the cheek together with his signature and the other matter which is on the face of the check, would make out a different case than the one we have before us. We do not understand the action to be for a return of any money on the check as the same never was paid and never has been endorsed by the defendant consequently we have simply an action for breach of alleged contract, which alleged contract, however, relates to the sale of real estate or an agreement to sell real estate and unless it can be held to be a contract within the meaning of G. L. Ter. Ed. c. 259, §1, which provides that “no action shall be brought to charge a person upon a sale of lands ... or any interest therein unless the promise, contract or agreement... .is in writing and signed by the party to be charged therewith”. The plaintiff cannot prevail in an action brought to recover the deposit because the deposit never, according to the report, was paid to the defendant nor, so far as this case appears, does he claim payments of it. While, therefore, the plaintiff has paid no monies to the defendant it would appear that he went to some expense in investigating the condition of the premises and that he made some outlay for certain plans regarding the remodelling of the business. It would appear, however, from the record that the *309 defendant had no notice of any such action taken by the plaintiff and that they are items for which the plaintiff cannot recover in this action. If the check had been received by the defendant and endorsed by him it might well be that some recovery could be had, but, in the absence of any payment to the defendant and the absence of any repairs on the buildings, the plaintiff is without remedy in the case at bar. Wé have examined the cases cited by the plaintiff, Harrell v. Sonnabend, 191 Mass. 310, Davis v. Downer, 210 Mass. 573, Donovan v. Walsh, 238 Mass. 356, and Hubbell v. Warren, 8 Allen, 173, but these cases are not in point with the case at bar, and we see no ground for the maintenance of this action. Plaintiff has failed to prove any written agreement existing between defendant and himself and he has failed to prove such performance of the contract affords any right of action.
At the defendant’s request the trial judge ruled that in the absence of special agreement the broker has authority only to find a customer and report him to his principal; he has no authority to make a binding contract; that the principal must be informed of all the facts and assent thereto, to amount to a ratification of the contract by a broker; that the measure of damages for breach of contract for the sale of real estate is the difference between the purchase price and the market value; that an administrator has no authority to make a contract to sell real estate so as to bind the estate;-and that on all the evidence the judgment must be for the defendant. We see no error in these rulings. The plaintiff requested that on all the facts the plaintiff is entitled to recover all loss sustained; that a written agreement was entered into; that the plaintiff entered upon the premises, took possession and changed his position to such a degree that he is entitled to damage; that therefore plaintiff is entitled to recover all actual cash disbursementsthat *310 the plaintiff is entitled to recover the difference between the price agreed upon and the fair market value in addition to his actual cash disbursements; and, that if the Court finds that there was an oral agreement, then on the facts there may be found that there was such a change of position as to satisfy the requirements under the statute of frauds. All of the requests of the plaintiff were denied and properly so. We see no error in their denial.
Report dismissed.